The STATE of Ohio, Appellee,

v.

GRIFFIN, Appellant.

[Cite as *State v. Griffin* (2000), 140 Ohio App.3d 433.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77539.

Decided Dec. 28, 2000.

434

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Renee L. Snow,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper*, Cuyahoga County Public Defender, and *Carlos Warner*, Assistant Public Defender, for appellee.

---

MICHAEL J. CORRIGAN, Judge.

Defendant-appellant Vincent Griffin appeals from the trial court's determination that he is a sexual predator pursuant to R.C. 2950.09(C). Appellant contends that the trial court erred in its finding because it refused to consider letters sent to appellant by the victim while he was incarcerated; it failed to state on the record which factors in R.C. 2950.09(B)(2) it considered; the evidence was insufficient to support the finding; and the sexual predator statute violates the separation of powers and due process. We affirm the judgment on the grounds that the sexual predator determination was supported by clear and convincing evidence.

On March 29, 1983, appellant was indicted on two counts of rape (R.C. 2907.02), one count of felonious assault (R.C. 2903.11), one count of kidnaping (R.C. 2905.01), and one count of gross sexual imposition (R.C. 2907.05). On July 21, 1983, the jury returned its verdict finding appellant guilty on all five counts. The trial court subsequently sentenced appellant to four to twenty-five years on each of the rape counts, three to fifteen years on the felonious assault count, four to twenty-five years on the kidnaping count, and two to five years on the gross sexual imposition count, to be served consecutively. Appellant's convictions were affirmed by this court in *State v. Griffin* (Mar. 29, 1984), Cuyahoga App. No. 47321, unreported, 1984 WL 5022.

On November 17, 1999, appellant was returned to Cuyahoga County Common Pleas Court for a "sexual predator" determination hearing pursuant to R.C. 2950.09. At the beginning of the hearing, the prosecutor informed the court of the facts which surrounded appellant's convictions. The prosecutor explained that appellant and the victim dated for a while and, during their relationship, the victim frequently spent the night at appellant's apartment. In November 1982, approximately five months into the relationship, the victim became upset when appellant rented his spare bedroom to a friend. Shortly thereafter, she terminated the relationship.

In the late evening of December 28, 1982, the victim came to appellant's apartment after being at a local tavern. When she arrived, a conversation ensued. Shortly thereafter, the victim, the appellant, and the tenant all went to bed, with the victim accompanying appellant to his bedroom. The victim denied that any sexual conduct occurred that evening.

The following morning, appellant physically restrained the victim from leaving by pushing and striking her. A friend of appellant's soon arrived with a woman

companion and the friend tried to force the victim to participate in fellatio. The victim then became hysterical.

Appellant continued to restrain her until late that afternoon when appellant forced her to engage in vaginal intercourse and fellatio. Throughout her stay that afternoon, appellant repeatedly struck the victim in the face. At approximately 4:00 p.m., appellant brought the tenant into his bedroom where they tied the victim to his bed with a rope. Appellant then burned her with a cigarette, again forced her to engage in fellatio with him, and inserted his finger into her rectum.

At approximately 7:00 p.m., the victim was untied and permitted to dress. However, appellant continued to restrain her from leaving and again forced her to participate in fellatio. Appellant then forced her back into the bedroom, where he inserted three fingers into her rectum. The victim attempted to escape but appellant punched her in the face with his clenched fist and broke her nose. The victim ultimately escaped while appellant was preoccupied with other friends who arrived at the apartment.

Also, during the hearing, appellant's counsel attempted to introduce letters written by the victim to appellant while he was incarcerated. However, the state objected and the court refused to admit them, stating that the letters were not relevant to whether or not appellant was likely to reoffend.

The trial court concluded:

"Upon consideration of the factors set forth in the statute and the evidence presented herein, the Court finds that the defendant is a sexually oriented offender by reason of the conviction for a sexually oriented offense and does find by clear and convincing evidence that the defendant is likely to engage in the future in one or more sexually oriented offenses.

"Pursuant to Ohio Revised Code Section 2950.09(C), the Court therefore determines and adjudicates that the defendant is a sexual predator."

Appellant now timely appeals this determination.

Assignment of Error I states:

"I. The trial court erred when it refused to allow or consider the exhibits presented by the defense where the rules of evidence do not apply to a sexual predator hearing."

■ The appellant contends in this assignment of error that the trial court erred by refusing to permit the appellant to enter certain exhibits into evidence. The proposed exhibits in question were letters purportedly written to the appellant from the victim while he was incarcerated. These letters were properly excluded because they bore no relevancy to the sole issue facing the trial court—

whether the clear and convincing evidence established that the appellant was "likely to engage in the future in one or more sexually oriented offenses." The trial court stated in making its ruling on the record:

"I don't think there is anybody in this room that would tell you that there aren't women in this world, state, country, that are foolish enough to be involved with men who are abusive. That doesn't have anything to do with this case."

■■ It is axiomatic that the admission or exclusion of evidence rests within the sound discretion of the trial court. This court will not reject an exercise of this discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice. *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, 38 O.O.2d 298, 302, 224 N.E.2d 126, 130, certiorari denied, 390 U.S. 1024, 88 S.Ct. 1409, 20 L.Ed.2d 281. As the evidence sought to be admitted in this case was not relevant to any issue before the court, it was properly excluded by the trial court. See Evid.R. 402. Appellant's first assignment of error is overruled.

The appellant's second assignment of error states:

"II. The trial court erred when it refused to place upon the record which factors under R.C. § 2950.09(B)(2) it relied upon when it determined the appellant was a sexual predator."

■ In his second assignment of error, the appellant asserts that the trial court was obligated to make specific findings stating which of the factors specified in R.C. 2950.09(B)(2) it relied upon in making its determination. R.C. 2950.09(B)(2) does not require that the trial court list all of these factors in order to make a sexual predator determination, but only that the trial court *consider* all factors which are relevant to its determination. *State v. Cook* (1998), 83 Ohio St.3d 404, 426, 700 N.E.2d 570, 587–588; *State v. Ward* (1999), 130 Ohio App.3d 551, 560, 720 N.E.2d 603, 609. Therefore, this assignment of error is without merit and is overruled.

The appellant's third assignment of error states:

"III. The evidence is insufficient, as a matter of law, to prove 'by clear and convincing evidence' that appellant 'is likely to engage in the future in one or more sexually oriented offenses.'"

■ The appellant's third assignment of error is not well taken, as we find that the trial court correctly classified the appellant as a sexual predator on the basis that the clear and convincing evidence introduced at the sexual predator classification hearing established that the appellant is likely to engage in the future in one or more sexually oriented offenses.

R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."

As was stated in the recitation of the facts underlying the appellant's convictions earlier in this opinion, the appellant exhibited a very high level of cruelty and perversity during the day-long ordeal wherein he repeatedly physically and emotionally abused and violated his victim in every manner conceivable. This evidence establishes that the appellant displayed a violent and an aggressive sexually dysfunctional personality that makes it more likely than not that he will reoffend once released into society. The trial court properly recognized the heinousness and extremely violent nature of appellant's offenses. These factors were properly taken into consideration by the trial court in reaching its determination.

R.C. 2950.09(B)(2) provides a nonexhaustive list of factors that must be considered by the trial court in reaching a determination subsequent to a sexual predator classification hearing. Three of the factors enunciated in R.C. 2950.09(B)(2) are particularly germane to the instant case:

"(h) The *nature of the offender's sexual conduct,* sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which the sentence is to be imposed, *displayed cruelty or made one or more threats of cruelty;*

"(j) Any additional behavioral characteristics that contribute to the offender's conduct." (Emphasis *sic.*)

R.C. 2950.09(B)(3) states:

"After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"

Clear and convincing evidence is that evidence " 'which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be

established.'" *Cincinnati Bar Assn. v. Massengale* (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222, 1223, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere 'preponderance of the evidence,'" it does not rise to the level of evidence "beyond a reasonable doubt." *Id.*

The "nature of the offender's sexual conduct" with the victim in the case *sub judice* was extremely violent and coercive, to the extent that not only did he repeatedly rape the victim in multiple orifices while she was physically restrained, but that he also attempted to force the victim to perform fellatio on his roommate while she was so restrained. When the victim became hysterical at this juncture, the appellant kept her restrained for several more hours. Another friend of the appellant took pictures of the victim while she was distraught.

Plainly, the appellant displayed extreme cruelty and made additional threats of cruelty during the commission of the underlying offense. In the course of his prolonged torturing of the victim, the appellant repeatedly punched her in the face both while she was and was not tied to his bed, breaking her nose with one such blow. In perhaps what was the worse indignity bestowed upon the victim by the appellant, he burned her with a lit cigarette while she was restrained. One can only but imagine the terror and the excruciating pain experienced by the victim as she lay tethered to a bed while the appellant and his cohorts continued to dehumanize her in nearly every sadistic manner conceivable.

It is also important to note that this ordeal was only brought to an end when the victim managed to escape while the appellant was preoccupied with "guests" that had arrived at his apartment. The fact that the appellant would engage in such outrageous and contemptuous behavior in the confines of a small apartment in the presence of his roommate, his roommate's female companion, and other persons is additional evidence that the appellant is mentally imbalanced and a threat to society upon release.

■ Another factor properly relied upon by the trial court was the lack of remorse exhibited by the appellant and the appellant's failure to provide evidence that he had been rehabilitated during his term of incarceration. R.C. 2950.09(B)(2)(j) expressly permits a trial court to consider "any additional behavioral characteristics that contribute to the offender's conduct." An utter lack of remorse is certainly one such relevant behavioral characteristic which was properly considered by the trial court in making its determination.

In *State v. Ward, supra,* 130 Ohio App.3d at 559, 720 N.E.2d at 609, this court stated that in making a determination as to whether an offender is likely to commit a sexually oriented offense in the future, a court must decide "whether

there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future."

■ R.C. 2950.09(B)(2) does not require that all of the factors listed be present before an offender can be classified as a sexual predator but only that a trial court consider all relevant factors in making its determination. *State v. Goodall* (July 6, 2000), Cuyahoga App. No. 76491, unreported, 2000 WL 897309; *State v. Tracy* (May 20, 1998), Summit App. No. 18623, unreported, 1998 WL 254948. Simply because certain factors may not apply to a particular defendant does not mean he or she cannot be adjudicated a sexual predator. *Id.*

■ Contrary to the assertions contained in the appellant's brief filed with this court, the appellant's sexual conduct, the extreme cruelty which he displayed and his lack of remorse are evidence, per R.C. 2950.09(B)(2), that the appellant is likely to reoffend in the future. The appellant asserts that a determination as to whether an offender is likely to reoffend should be made independent of the factors listed by the legislature in R.C. 2950.09(B)(2)(a) through (j), and states that additional evidence, beyond the statutory factors, must be presented to support a sexual predator classification. We do not believe that such a requirement can be found in the statute. The legislature clearly believed that sexual conduct of a violent and bizarre nature on the part of an offender, the exhibition of extreme cruelty in the commission of a sexual offense, and a documented pattern of abuse and other aberrant behavioral characteristics correlated with an increased likelihood that an offender will engage in the future in one or more sexually related offenses. These characteristics are evidence of an increased likelihood of recidivism. Thus, we reject the appellant's contention that there is a "lack of evidence" that the appellant is likely to reoffend.

In *State v. Chandler* (May 6, 1999), Cuyahoga App. No. 72310, unreported, 1999 WL 285388, this court upheld a sexual predator determination despite the fact that the offender did not have a prior history of sexually related offenses. The court reasoned that the circumstances of the offense were sufficient to support a sexual predator classification despite the lack of a prior record:

"After completing our review of the facts presented in the record in this case and noting Chandler's age and that of the victim, the nature of the sexual conduct and sexual contact he had with the victim, the fact that he used his superior position, size and age to dominate a medically infirm individual * * * helps to define the cruelty in the commission of these offenses, and by causing her submission at knife point, we have concluded the trial court's classification of Chandler as a sexual predator is established by clear and convincing evidence."

Similarly, in *State v. Gross* (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported, 2000 WL 1177496, this court affirmed a sexual predator classification

despite the lack of a prior criminal record where the defendant took "unconscionable advantage" of a minor girl with limited mental capacity. Although the victim in Gross suffered lacerations and other injuries to her genital region, those injuries were far less serious than the injuries incurred by the victim herein who had her nose broken and was burned with a cigarette.

Although the victim in this case was not medically infirm or a minor, she was physically weaker than the appellant and the appellant used this disparity in strength to dominate her and to subject her to humiliating and physically injurious sexual abuse over an extended time period. The appellant first restrained the victim by punching and pushing her, while committing multiple rapes, then elicited assistance from a third party to physically tie the victim to the appellant's bed and then after allowing her to dress and giving her the impression that she would finally be free to leave, dragged her back to his bedroom where he continued to violate her in an unspeakable fashion. It is apparent that the cruelty displayed by the appellant in this case was even greater than that exhibited by the offenders in *Chandler* and in *Gross*. The fact that the victim in the present case was not medically infirm or a minor does not require that the court discount the level of cruelty involved in the offense and does not make it less likely that the appellant will commit additional sexual offenses in the future.

The appellant urges this court to adopt an overly narrow interpretation of our holding in *State v. Ward, supra*. That opinion does not stand for the proposition that an offender without a prior criminal record cannot be classified as a sexual predator no matter the depths of depravity involved in the commission of the underlying offense. Indeed, this court stated in the body of that opinion:

"[W]e wish to emphasize our disagreement in princip[le] with any argument that an offender's prior convictions, standing alone, cannot be clear and convincing evidence that an offender is likely to engage in the future in one or more sexually oriented offenses as required by R.C. 2950.09(B)(3)." *State v. Ward, supra,* 130 Ohio App.3d at 558, 720 N.E.2d at 608.

In *Ward,* the only evidence introduced at the sexual predator hearing was a certified copy of the offender's conviction on a single count of felonious sexual penetration. This court noted that the trial court could have considered other relevant factors, such as a pretrial report prepared prior to sentencing, but chose not to do so. In this case, the trial court did consider a mitigation of penalty report prepared October 12, 1999, as well as the psychological profile contained therein and, thus, did not limit its determination solely to facts arising from the underlying offenses.

 The holding of *Ward* is that "simply committing a *single sexually oriented offense* is not proof, without further evidence or other compelling facts, that the offender is 'likely to engage in the future in one or more sexually oriented offenses.' " (Emphasis *sic*.) In the instant case, the appellant committed far more than a single sexually oriented offense. The mere fact that the appellant was charged in one indictment with two counts of rape, one count of gross sexual imposition, one count of felonious assault, and one count of kidnaping (and was subsequently convicted by a jury on all five counts) does not reduce this pattern of behavior to a single offense.

As was related in the recitation of facts, the appellant forced or attempted to force the victim to perform fellatio on the appellant and/or his tenant on no less than four separate occasions over a span of many hours. Additionally, the appellant vaginally and digitally raped the victim on at least three occasions, also over a lengthy time period. In *Ward*, on the other hand, the offender pled guilty to a single count of attempted felonious sexual penetration. Accordingly, because the appellant herein was convicted on five separate counts involving sexual misconduct, each distinct in time and space, the admonition of this court in Ward that trial courts not classify sexual offenders as sexual predators based solely on the facts of a single underlying offense was not controlling of the trial court's determination.

After thoroughly reviewing the underlying facts of this case, we are compelled to conclude that the trial court sufficiently considered all of the appropriate factors in reaching its determination. Therefore, appellant's third assignment of error is overruled.

Appellant's fourth and fifth assignment of error, having a common basis in law and fact, will be addressed concurrently in this opinion:

"IV. Ohio's sexual predator statute violates the concepts of separation of powers because it forces a trial court to investigate, prosecute and adjudicate individuals as sexual predators.

"V. The adjudication provisions violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I of the Ohio Constitution, because Ohio's classification scheme is systematically flawed."

In his fourth and fifth assignments of error, the appellant raises constitutional challenges to the sexual predator statute that have been repeatedly considered and rejected by this court and other courts throughout the state. See, *e.g., State v. Manson* (Nov. 2, 2000), Cuyahoga App. No. 76716, unreported, 2000 WL 1643572; *State v. Wilson* (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, 2000 WL 1594577; *State v. Gross* (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported, 2000 WL 1177496; *State v. Moore* (Aug. 17, 2000), Cuyahoga App.

No. 76830, unreported, 2000 WL 1176870; *State v. Goodall* (July 6, 2000), Cuyahoga App. No. 76491, unreported, 2000 WL 897309. Because these constitutional challenges have been rejected repeatedly by this court, assignments of error four and five are hereby summarily overruled.

*Judgment affirmed.*

PATTON, P.J., and PORTER, J., concur.