JOURNAL ENTRY AND OPINION
Defendant-appellant, Kenneth Colpetzer, appeals from a judgment of the Cuyahoga Court of Common Pleas finding him to be a sexual predator. Appellant contends that the evidence adduced at the sexual offender classification hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator. We disagree and, therefore, affirm the trial court.
In March 1996, appellant was indicted on one count of rape, in violation of R.C. 2907.02, and two counts of gross sexual imposition, in violation of R.C. 2907.05, involving a five-year-old boy.
In April 1996, appellant pled guilty to an amended rape charge and the remaining counts of the indictment were nolled. The trial court sentenced appellant to eight to twenty-five years incarceration.
On June 6, 2001, the trial court conducted a sexual offender classification hearing pursuant to R.C. 2950.09(C). In a journal entry filed June 18, 2001, the trial court adjudicated appellant to be a sexual predator. Appellant timely appealed, raising one assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING HIM TO BE A SEXUAL PREDATOR.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Thus, "at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses." State v. Eppinger
(2001), 91 Ohio St.3d 158, 163, citing R.C. 2950.01(E) and 2950.09(B0(3). (Emphasis in original.)
The standard of clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
The first prong of R.C. 2950.01(E) was clearly satisfied in this case: appellant pled guilty to rape. Appellant contends, however, that the evidence presented at the hearing was insufficient to establish by clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented offenses."
In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(2). These factors include, but are not limited, to the offender's age and prior criminal record, the age of the victim, whether the sex offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender completed a sentence for any conviction, whether the offender participated in any available program for sex offenders, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(2)(a) through (j). Simply because certain factors do not apply to a particular defendant does not mean that he or she cannot be adjudicated a sexual predator. State v. Griffin (2000), 140 Ohio App.3d 433.
At the sexual classification hearing, the State presented two reports from the Lakewood Police Department regarding a complaint filed in 1991 against appellant by his sister-in-law, Cathy Sennello. Upon investigation, the police learned that appellant had sexually abused Sennello's sixteen-year-old sister two years prior and was now abusing Sennello's fourteen-year-old brother. Appellant admitted that he had showed the younger sister how to masturbate and had once rubbed her inside her pants. He also admitted that he had once touched the brother's penis "accidentally." Appellant was not prosecuted, however, for these offenses.
The State also presented a report from the Lakewood Police Department regarding appellant's current offense. In his statement to the police, appellant explained that he was babysitting his two children and the neighbor's five-year-old boy when the offense happened. According to appellant, his children had been infected with scabies and when he saw the five-year-old victim scratching himself, he offered to check him for scabies. Appellant stated that he became sexually aroused as he was holding the victim's genitals and "took his penis and placed my mouth over it." When asked by the police whether he thought he was a pedophile, appellant responded, "Not really. I have found myself thinking about young kids, I like them between 16-18. Actually, if I am going to be honest with myself, I guess I am a pedophile. This is what I need help for."
In September 1996, appellant participated in a sex offender assessment program while incarcerated at Madison Correctional Institution. The assessment report noted that appellant:
 clearly has some difficulties with establishing his sexual preference. He acknowledges that he is bisexual although he appears to have lived more of a homosexual lifestyle than a heterosexual one. * * * The inmate clearly has some difficulty controlling his sexual impulses, and he does appear to have some pedophilic interests * * *. Although he denies any other victims, it would not be surprising to find that Mr. Colpetzer had engaged in some other inappropriate sexual adventures which had not resulted in any problems for him.
The State also presented a recent sexual predator evaluation completed by Dr. Michael Aronoff, chief psychologist at the Cuyahoga County Common Pleas Court Psychiatric Clinic. Dr. Aronoff testified that he evaluated appellant on May 29, 2001. As part of his evaluation, Aronoff interviewed appellant, reviewed records regarding appellant from the Ohio Department of Rehabilitation and Corrections, administered the Abel Assessment for Sexual Interest test to appellant and utilized the Static-99.
Dr. Aronoff testified that the Static-99 is an actuarial instrument designed to estimate the probability of sexual recidivism among adult males who have been convicted of at least one sexual offense. The Static-99 evaluates historical data — such as the offender's prior sex offenses, sentencing dates, prior convictions for non-contact sexual offenses, various victim characteristics and the current age of the perpetrator — and then calculates the offender's recidivism risk in light of the data pursuant to a specified formula. Aronoff testified that the Static-99 has a high level of reliability and validity.
Appellant's score on the Static-99 was in the "medium-low risk" category, which equated to a nine percent chance of re-offending in five years, a thirteen percent chance of re-offending in ten years and a sixteen percent chance of re-offending in fifteen years.
In his written report regarding the results of appellant's Abel Assessment Test, Aronoff concluded that:
 Mr. Colpetzer has significant sexual interest in young males and females age 8 to 10 years, adolescent males and females age 14 to 17 years, as well as adult males and females. Although it is "normal" for test subjects to have measured sexual interest in adolescent males and/or females, the fact that the defendant has acted on this interest in the past is of concern, as well as his measured sexual interest in young males and females.
Aronoff testified that there are ten factors that are "significantly correlated with sexual re-offending." Of these ten factors, five applied to appellant: 1) his sexual preference for children; 2) his interest in and preference for using pornography; 3) the fact that the victim was not related to him; 4) the fact that the victim was a five-year-old boy; and 5) appellant's prior misdemeanor convictions. The other five factors associated with sexual re-offending did not apply to appellant: 1) he had no prior convictions for sexual offenses; 2) he had never participated in and neither failed nor withdrew from a sex offender treatment program; 3) he did not have an antisocial personality disorder; 4) he was older than twenty-five years of age; and 5) he had been married for approximately eight years.
Aronoff testified that the factors were not weighted exactly the same, however. Therefore, simply because five of the factors applied and five did not apply "doesn't mean that it is even." Aronoff testified that of the ten factors, the most significant factor for sexual offense recidivism is a sexual preference for children. Aronoff concluded, therefore, that appellant's sexual preference for children was "very significant" concerning his likelihood of re-offending. Aronoff testified further that appellant's interest in and use of pornography was also a very significant risk factor for re-offending.
We agree with the trial judge that this evidence clearly and convincingly demonstrates that appellant is likely in the future to engage in one or more sexually oriented offenses. First, the ages of the victims in the current offense and appellant's earlier offenses are particularly relevant because they indicate that appellant has a history of preying upon those who by their age are relatively helpless. R.C.2950.09(B)(2)(c). Moreover, appellant admitted to prior sexual offenses, even though he was not prosecuted for those offenses. R.C.2950.09(B)(2)(b). In addition, as the trial judge found, the nature of appellant's offense, involving tricking a trusting, vulnerable child to let down his pants to see if the child has scabies, was particularly offensive. R.C. 2950.09(B)(2)(h). Finally, appellant's sexual interest in children and use of pornography puts him at significant risk for re-offending. R.C. 2950.09(B)(2)(j).
Thus, contrary to appellant's assertion that the trial judge found him to be a sexual predator solely on the basis of the facts of his underlying conviction,[1] the trial judge properly found that several of the factors set forth in R.C. 2950.09(B) applied to appellant and that appellant is likely in the future to engage in one or more sexually oriented offenses. Accordingly, the trial court did not err in finding appellant to be a sexual predator.
Appellant's assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and JAMES D. SWEENEY, J., CONCUR.
[1] This court has repeatedly held that, standing alone, a conviction for a sexually oriented offense is insufficient to support a sexual predator determination. See State v. Winchester (July 26, 2001), Cuyahoga App. No. 78019, unreported, and cases cited therein.