OPINION
Defendant-appellant, Edward F. Belton, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09(C)(2)(b). In a single assignment of error, defendant asserts:
 The trial court erred in finding Appellant to be a sexual predator.
Because the trial court's finding is supported by clear and convincing evidence, we affirm.
On March 5, 1990, before a three-judge panel, defendant entered a guilty plea to three counts of aggravated murder with death penalty specifications, one count of rape, and one count of aggravated robbery arising from the sexual assault, murder and robbery of Mary Cornwell on September 23, 1989. The trial court sentenced defendant to life imprisonment with parole eligibility after serving thirty years on the aggravated murder offenses, and ordered defendant to serve concurrent terms of ten to twenty-five years on the rape and aggravated robbery offenses.
In April 1997, the Ohio Department of Rehabilitation and Correction ("ODRC") recommended under former R.C. 2950.09(C)(1) that the trial court adjudicate defendant to be a sexual predator. A sexual offender classification hearing was held before the Franklin County Court of Common Pleas on June 26, 2001, to determine if defendant is a sexual predator by clear and convincing evidence. Defendant waived his right to appear at the hearing.
At the hearing, the state by stipulation introduced certified copies of defendant's 1989 indictment, defendant's 1990 entry of guilty plea, the 1990 sentencing entry, and a transcript of defendant's guilty plea proceedings that included a videotape of defendant's confession to the police the day after the offenses. The state also submitted records from the ODRC, including a post-sentence investigation report prepared upon defendant's admission to prison and an institutional summary report prepared in November 2000. The institutional summary report listed various programs defendant completed in prison, including programs for cultural diversity, Red Cross first aid and safety, "Cage Your Rage," behavior awareness, self-esteem, parenting, victim's empathy, and alternatives to violence. On behalf of defendant, defense counsel informed the court that defendant is involved in other programs in the prison, including a mediation group, Narcotics Anonymous, and various recovery organizations. Neither party presented expert testimony or a psychological assessment of defendant.
According to the record of the guilty plea proceedings, defendant and the victim were both twenty-three-years old at the time of the offenses. Defendant was married but separated from his wife, he had a three-year-old daughter, and he was a student at Southern Ohio College, where the victim was employed as an instructor. Defendant knew the victim because he had taken some classes with her. Defendant stated he thought about raping and robbing the victim for approximately two months before he did it. He picked the victim at random, stating, "I could have did it to anybody, but I just picked her, you know, really." (Guilty plea, 53.) Defendant indicated he never had a problem with the victim and she had treated him well.
Defendant went to the college on the morning of September 23, 1989, with the intention of raping, robbing and killing the victim. Not finding the victim in her office, defendant went to a break room where he had drinks and cigarettes, and then went to look for her. Defendant found the victim making Xerox copies and told her he wanted to talk to her in her office. The victim agreed, and defendant went to the victim's office while she finished making the copies.
Defendant attacked the victim immediately after she entered her office and closed her door. Defendant grabbed the victim around her throat, forced her against a book shelf, and told her to bend over, take her pants off, and not make any noise. The victim complied, and defendant vaginally raped her from behind. After defendant ejaculated, the victim started to scream. Defendant wrestled her to the floor, hit her eight or nine times in the face, and strangled her with his hand, and then his foot and belt. When his belt broke, he used the victim's belt to strangle her until she quit breathing. Defendant then stole the victim's jewelry.
Upon hearing someone in the hallway, defendant put on his coat and left. Two women who worked at the college saw defendant as he left the victim's office and asked defendant whether he had seen the victim. He told them the victim was in her office. The women retrieved a key to the victim's office and found her body on the floor. Although medical personnel were immediately summoned, the victim was pronounced dead on their arrival.
Defendant drove home and then went to a friend's house where he stayed until the next morning when he went to the police station, turned himself in, and confessed to the crimes. When the interviewing detectives asked why he did it, defendant attributed it to frustration, to marital and financial pressures, and to his use of crack cocaine, although he told the detectives he was straight and sober when he committed the offenses. At the guilty plea hearing, defendant expressed remorse for what he had done to the victim.
Under former R.C. 2950.09(C)(2)(b), the trial court was required to "consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section" in determining whether defendant is a sexual predator. After considering the evidence and the statutory factors in former R.C. 2950.09(B)(2), the trial court found the state had met its burden of proving by clear and convincing evidence that defendant is a sexual predator. Specifically, the court found the ages of defendant and the victim were not an issue, drugs or alcohol were not used to impair the victim, defendant had no prior record, and no multiple victims were involved. The court further concluded defendant suffered no mental illness or mental disability, discounted any connection between defendant's use of crack cocaine and his actions against the victim, and found no demonstrated pattern of abuse.
The court, however, also determined the victim had never done anything to provoke defendant's conduct and found defendant's reasons for his actions against the victim not rational or credible. In finding defendant to be a sexual predator, the court placed great weight on the murder, the nature and circumstances of the cruelty to the victim, defendant's inability to offer any reason why he selected the particular victim, and defendant's having thought about the crimes for some period of time, in which he planned the rape, robbery, and death of the victim, and then carried out his intention.
In order for defendant to be designated a sexual predator, the state was required to prove by clear and convincing evidence that defendant had been convicted of or pleaded guilty to committing a sexually oriented offense and he is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3); State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Defendant does not dispute that a sexually oriented offense is involved in this case. Rather, defendant contends no evidence was presented that defendant is likely to commit other sexually oriented offenses, and the evidence was therefore insufficient to establish that defendant is a sexual predator.
The issue then resolves to whether the evidence clearly and convincingly demonstrates that, as an offender who has been convicted of committing one sexually-oriented offense in 1989, defendant is likely to reoffend. R.C. 2950.01(E) and 2950.09(B)(3). "`Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" Eppinger, supra, at 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477. "A reviewing court should not re-weigh the evidence and should affirm the judgment of the trial court when the record contains competent, credible evidence that goes to all the essential elements of the case." State v. Dunn (June 17, 1998), Pickaway App. No. 97CA26, unreported, citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
The purpose of R.C. Chapter 2950 is to protect the safety and general welfare of the people of this state. R.C. 2950.02(B); Eppinger, supra, at 165. R.C. 2950.09(B)(2) requires the trial court to consider all relevant factors in making a sexual predator determination, including those enumerated in the statute. Eppinger, supra, at 166; State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported. However, no requisite number of factors must be applicable before finding a defendant to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184, unreported; Maser, supra. Even one or two statutory factors will suffice as long as the evidence of likely recidivism is clear and convincing. State v. Hardie (2001),141 Ohio App.3d 1, 5.
Although in defining a sexual predator R.C. 2950.01(E) looks toward a defendant's propensity to engage in future behavior, the court can look at past behavior because past behavior is often an important indicator of future propensity. State v. Pennington (Jan. 29, 2002), Franklin App. No. 01AP-657, unreported. Indeed, the Ohio Supreme Court in Eppinger recognized that "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Eppinger, at 167; State v. Ray (May 3, 2001), Franklin App. No. 00AP-1122, unreported. See State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported; Dunn, supra. Even first-time sexual offenders with no previous criminal record have been held to be sexual predators. See State v. DeGroat (Sept. 6, 2001), Franklin App. No. 00AP-1485, unreported; State v. Chandler (May 6, 1999), Cuyahoga App. No. 72310, unreported. "R.C. Chapter 2950 does not specifically require that the state prove propensity by facts `other than the facts of the crime itself.'" State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported. See, also, State v. Queary (Aug. 17, 2001), Montgomery App. No. 18300, unreported; State v. Carter (Aug. 9, 2001), Franklin App. No. 00AP-1365, unreported; Austin, supra; Henson, supra.
Here, defendant chose the victim virtually at random, someone with whom he stated he got along well with and who had never done anything to provoke him. According to defendant, the victim could just as well have been anyone. For two months defendant planned his rape of the victim, culminating in her murder. The cold calculation with which defendant planned his acts is stereotypical predatory action. Moreover, the random selection of the victim, with no provocation or other factors to place her in the category of a potential victim, indicate a predatory crime fully capable of repetition. Indeed, if defendant had had reasons personal to the victim for selecting her, that might suggest less likelihood of reoffending than defendant's random, unprovoked selection of the victim in this case. Accordingly, the trial court properly considered those factors in determining defendant's status as a sexual predator, and those factors support the trial court's finding in this case.
Further, during and after the rape, defendant used extreme force whereby he beat the victim in her face and strangled her by using his hands, placing his foot upon her throat, using his belt and, when his own belt broke, using the victim's belt. The nature of the conduct and the force and cruelty displayed in the underlying offense supports a finding of defendant as a sexual predator. See State v. Hendricks (June 28, 2001), Franklin App. No. 00AP-1374, unreported; Eaton, supra; State v. Griffin (2000), 140 Ohio App.3d 433, 441.
Although defendant's participation in various programs in prison is commendable, it does not necessarily indicate defendant's ability to refrain from recidivism upon release from prison. See Hendricks, supra; State v. Ray (May 3, 2001), Franklin App. No. 00AP-1122, unreported; State v. Jones (June 13, 2000), Franklin App. No. 99AP-902, unreported. Such a conclusion is especially true where, at the time the sexual offender classification hearing was held, defendant had approximately eighteen years remaining on his sentence before possible release from prison.
While the facts of defendant's conviction, as noted, support the trial court's determination that defendant is a sexual predator, the probative value of the evidence was diminished to some degree by the passage of twelve years since the offenses giving rise to the sexual predator hearing. The report of a psychologist, psychiatrist, or other expert to aid in the court's assessment of defendant's likelihood of recidivism would have been helpful. See Eppinger, supra, at 161-163. Even though the record supports the trial court's adjudication of defendant as a sexual predator and we affirm the court's judgment, we note that not earlier than one year prior to his release from prison defendant has the statutory right to petition the trial court to make a determination that defendant is no longer a sexual predator. See R.C. 2950.09(D)(1). At that time defendant's convictions will be considerably older and the lack of expert testimony may harm the state's efforts to maintain defendant's classification as a sexual predator.
Nonetheless, given the evidence supporting the trial court's present determination, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.