OPINION
{¶ 1} Appellant Buddy Phelps appeals the decision of the Court of Common Pleas, Delaware County, which sentenced him on two counts of gross sexual imposition, and classified him as a sexual predator pursuant to R.C. 2950.09(C). The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 18, 2002, following a four-count indictment, appellant pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree. (Hereinafter "Count Two" and "Count Three," respectively). The remainder of the indictment was dismissed. On May 10, 2002, the trial court conducted a sentencing and sexual predator hearing. As a result thereof, appellant was found to be a sexual predator, and was also sentenced on the aforesaid conviction to four years on Count Two (F3), and seventeen months on Count Three (F4), to be served consecutively.
 {¶ 3} This Court thereafter granted leave to file a delayed appeal. Appellant herein raises the following two Assignments of Error:
 {¶ 4} "I. THE COURT SUB JUDICE COMMITTED ERROR TO THE PREJUDICE OF APPELLANT WHEN IT DETERMINED THAT APPELLANT WAS A `SEXUAL PREDATOR' PURSUANT TO R.C. 2950 ET SEQ. AS SAID DETERMINATION IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE ON THE RECORD OF THE SEXUAL PREDATOR HEARING.
 {¶ 5} "II. THE COURT SUB JUDICE COMMITTED PREJUDICIAL ERROR WHEN IT SENTENCED APPELLANT TO A PRISON TERM IN THE INSTANT ACTION PURSUANT TO ITS ERRONEOUS INTERPRETATION OF R.C. SEC. 2929.13."
 I. {¶ 6} In his First Assignment of Error, appellant maintains the trial court erred when it classified him a sexual predator because the finding is not supported by the record. We disagree.
 {¶ 7} In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review both Assignments of Error together under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3)[1]
sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 8} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 9} "(a) The offender's or delinquent child's age;
 {¶ 10} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 13} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 16} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 19} In classifying appellant a sexual predator, the trial court considered the above factors, indicating in the record the court's particular concern about appellant's prior criminal history and repeated contact with the justice system, both as an adult and a juvenile, his failure to respond positively to past sanctions over a twelve-year period, the age of the two juvenile victims, and the psychological harm caused to the victims. During the classification hearing, the trial court reviewed the presentence investigation report, to which appellant's trial counsel stipulated. In addition, the state called Detective Sergeant Bruce Pijanowski of the Delaware Police Department. This evidence showed that appellant perpetrated his sexual abuse against the two victims, born in 1987 and 1991 respectively, on multiple occasions for a four- to five-year period commencing in approximately late 1995. The acts included both manual and oral genital stimulation. The younger victim, a boy relative of appellant, witnessed an abuse incident against the older victim, his sister, on at least one occasion. Appellant took advantage of his familial relationship with the victims, and the boy victim told authorities he was afraid to report the situation because he feared appellant "would kill somebody if he did tell," although the boy did recall that appellant did not actually threaten him. Presentence Investigation at 4. Some of the acts occurred while the boy victim and appellant were at an uncle's house. On some of these occasions, appellant engaged in fondling the boy while the uncle, who was handicapped, was in another part of the house using the bathroom.
 {¶ 20} Appellant contends that State v. Ward (1999),130 Ohio App.3d 551, 720 N.E.2d 603, supports his position. In Ward, the Eighth District Court of Appeals reversed a trial court's sexual predator determination where the evidence presented at the classification hearing stemmed in totality from the underlying offense. However, in State v.Griffin (2000), 140 Ohio App.3d 433, 747 N.E.2d 900, the Eighth District Court distinguished Ward because said case involved a single sexually oriented offense; in contrast, Griffin involved "multiple sexually oriented offenses charged in one indictment." See State v. Kendall,
Franklin App. Nos. 00-AP-1098, 00-AP-1099, 2002-Ohio-3557. We hold that similar reasoning applies to the case sub judice.
 {¶ 21} Therefore, based on all of the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2), and that there was competent, credible evidence to support the findings made by the trial court at the May 10, 2002 hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 22} Appellant's First Assignment of Error is overruled.
 II. {¶ 23} In his Second Assignment of Error, appellant argues the trial court committed reversible error in sentencing appellant by misinterpreting R.C. 2929.13(F)(3). We disagree.
 {¶ 24} The statutory provision at issue reads as follows:
 {¶ 25} "(F) Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20 or 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the terms pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:"
 {¶ 26} "* * *
 {¶ 27} "(3) Gross sexual imposition or sexual battery, if the victim is under thirteen years of age, if the offender previously was convicted of or pleaded guilty to rape, the former offense of felonious sexual penetration, gross sexual imposition, or sexual battery, and if the victim of the previous offense was under thirteen years of age;"
 {¶ 28} The trial court in the case sub judice read R.C.2929.13(F)(3) in the disjunctive, thereby finding a mandatory sentence applicable to Count Two, which alleged a victim under the age of thirteen. "Although the word `and' is usually interpreted in the conjunctive, we are permitted to interpret it in the disjunctive `if the sense requires it.'" Health Adm'rs of America, Inc. v. American Med.Sec., Inc. (March 29, 2001), Delaware App. No. 00CAE04009, citing Claggv. Baycliffs Corp. (1998), 82 Ohio St.3d 277, 280; R.C. 1.02. However, in this instance we find no basis for disjunctively interpreting the General Assembly's plain use of "and" in R.C. 2929.13(F)(3). The state likewise does not dispute that it should be read in the conjunctive. The state instead responds that the trial court's sentencing language nevertheless supports a prison term on Count Two. The judgment entry indicates that the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and balanced the seriousness and recidivism factors set forth in R.C. 2929.12, and proceeded to make the following findings:
 {¶ 29} "1. That the recidivism and seriousness factors favoring the imposition of stated prison terms outweigh the recidivism and seriousness factors favoring the imposition of Community Control Sanctions for the following reasons: (1) The Defendant was under a Community Control Sanction at the time of the commission of the offenses charged in Counts Two and Three of the Indictment; (2) since January of 1990, the Defendant has had repeated contact with the Criminal Justice System of Ohio both as a Juvenile and as an Adult as the same is fully documented on Pages 8 through 11 inclusive of the Presentence Report prepared by the Ohio Adult Parole Authority; (3) the Defendant has failed to respond favorably in the past to sanctions imposed for criminal convictions insofar as he has had ample opportunity to change his behavior over the past over the past twelve (12) years and has elected not to do so; (4) the injury to the victims was worsened by the age of the victims, one being presently 11 years of age and one being presently 14 years of age; (5) both of the juvenile victims suffered serious psychological harm and are presently undergoing psychological counseling.
 {¶ 30} "2. That the offenses set forth in Count Two and Count Three of the Indictment are sex offenses, with a mandatory stated prison term being applicable to Count Two.
 {¶ 31} "3. That stated prison terms are consistent with the purposes and principles of Sentencing and that the Defendant is not amenable to Community Control Sanctions." Judgment Entry, May 10, 2002, at 3.
 {¶ 32} Moreover, the transcript further reveals the following finding by the trial court in reference to its statutory sentencing findings: "Essentially this is applicable to count three, but even if we didn't have the issue of the mandatory stated prison term it would still be applicable to count two." Tr. at 31.
 {¶ 33} Based on the aforesaid findings and reasons stated by the trial court, despite the technical misinterpretation of R.C. 2929.13(F)(3), we hold there has been no demonstration that the trial court committed sentencing error prejudicial to appellant. See App.R.12. Appellant's Second Assignment of Error is therefore overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, J., concurs.
Hoffman, P.J., concurs in part and dissents in part.
Topic: Sexual Predator
[1] Appellant correctly notes that the factors are no longer listed under R.C. 2950.09(B)(2), but concedes that present R.C. 2950.09(B)(3) is nearly identical.