OPINION
{¶ 1} Appellant, Daniel Williams, appeals the judgment of the Lake County Court of Common Pleas adjudicating him a sexual predator.
 {¶ 2} On February 19, 1986, appellant, after watching a nineteen year old woman undress from a window, broke into and entered the victim's home and raped her. On April 8, 1986, appellant was indicted on four counts of rape, one count of aggravated burglary, one count of attempted aggravated burglary, and one count of kidnapping. On May 19, 1986, appellant pleaded guilty to one count of rape and one count of aggravated burglary. The trial court entered a nolle prosequi on the remaining charges. On the same date, appellant was sentenced to an indeterminate term of seven to twenty five years incarceration on both counts; the court ordered the sentences to be served concurrently.
 {¶ 3} On April 16, 2003, appellant appeared before the trial court for a sexual predator hearing arising from the rape charge to which he pleaded guilty. During the hearing, the court reviewed the exhibits submitted into evidence, including a psychological report prepared by Dr. Sandra McPherson and an H.B. 180 psychological assessment prepared by Dr. John Fabian of the Lake County Forensic Psychiatric Clinic. In its April 21, 2003 judgment entry, the lower court found that the state set forth clear and convincing evidence to adjudicate appellant a sexual predator. Appellant now appeals and assigns the following error for our consideration:
 {¶ 4} "The trial court committed reversible error when it labeled the defendantappellant a sexual predator against the manifest weight of the evidence."
 {¶ 5} R.C. 2950.01(E) defines the term "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." At the sexual predator classification, therefore, the state must prove, by clear and convincing evidence,[1] that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in one or more future sexually oriented offenses. The General Assembly has provided the trial court with various factors to consider in making its decision. R.C. 2950.09(B)(3) provides:
 {¶ 6} "In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including but not limited to, all of the following:
 {¶ 7} "(a) The offender's or delinquent child's age
 {¶ 8} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offense including but not limited to, all sexual offenses;
 {¶ 9} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 10} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 11} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 12} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 13} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 14} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 15} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 16} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 17} During the sexual predator hearing, the court examined each of the R.C. 2950.09(B)(3) factors and made the following findings:
 {¶ 18} "* * * under A, * * * Mr. Williams is now 43 years. That reduces the risk of recidivism. However, past behavior would certainly indicate that Mr. Williams is a risk to re-offend.
 {¶ 19} "As far as B is concerned, we have two prior offenses of breaking and entering. We have admissions of voyeurism, * * * I don't think looking in people's window is normal behavior. Perhaps watching women undress may be normal behavior, but not — in secret, private, but that's not normal. * * *"
 {¶ 20} The court reviewed factors (c), (d), and (e); however, did not attach any express weight thereto. The court continued:
 {¶ 21} "F, Mr. Williams did participate in a sex offender education program.
 {¶ 22} "* * *
 {¶ 23} "Dr. Fabian has concluded that the offender has antisocial, sadistic and borderline personality traits, alcohol and cannabis dependency as well as voyeurism.
 {¶ 24} "I don't know right now how Mr. Williams would have an alcohol and cannabis dependency after thirteen years considering the nature of those particular drugs. * * * Certainly a twelve, thirteen year hiatus would give Mr. Williams a good shot at breaking that problem or keeping that problem intact.[2]
 {¶ 25} "No demonstrated pattern of abuse. This was a one time offense.
 {¶ 26} "As far as cruelty goes, the act itself was cruel, dangerous, risk filled, broke in in the wee hours of the morning into an occupied house, saw this woman in the state of undress and went in and before he asked for any money raped her. Forcing fellatio twice and penetration of the vagina twice. All the while, all the while knowing that she, himself and the potential of the husband, the husband was at risk. All of these people were at risk in this particular situation. So the act itself I do find an act of cruelty."
 {¶ 27} Moreover, during both the hearing and in its judgment entry, the court underscored that appellant has poor community adjustment abilities and the rape occurred a mere six days after appellant was released from prison.[3] See, R.C.2950.09(B)(3)(j).
 {¶ 28} Appellant does not dispute the first prong of the R.C.2950.01(E) analysis, i.e., he concedes he pleaded guilty to one count of rape. Rather, appellant takes issue with the trial court's determination that he is likely to engage in future sexually oriented offenses. To this end, appellant directs our attention to various points which, in his view, militate against the trial court's determination that he is a sexual predator.
 {¶ 29} First, with respect to R.C. 2950.09(B)(3)(a), appellant emphasizes that he was convicted of the underlying rape when he was 26 years old and is now 43 years old. Appellant maintains that the court failed to acknowledge that the seventeen years between the commission of the crime and the present demonstrates that he has changed and therefore recidivism would be unlikely. As indicated above, the court recognized this and concluded appellant's age made recidivism less likely.
 {¶ 30} Next, under R.C. 2950.09(B)(3)(b) appellant notes that he had no prior sexual oriented offenses prior to the rape of which he was convicted. Moreover, appellant argues that the trial court failed to recognize that, at the time of the crime, he did not intend to rape the victim, but merely burglarize her home.[4]
 {¶ 31} The record indicates that the court was aware that rape conviction was appellant's only sexually oriented offense. We recognize that the commission of a single sexually oriented offense is not proof, without other evidence or other compelling facts, that the offender is a likely recidivist. State v.Griffin (2000), 140 Ohio App.3d 433, 443. However, the record indicates that the court did not rely solely upon appellant's single rape conviction when it labeled him a sexual predator. Moreover, during the hearing the state noted appellant's post-arrest statement, wherein appellant admitted: "I saw her take her clothes off and she was naked for a time. * * * I guess it turned me on a little when I saw this and I guess that is the reason I went into the house was to have sex." Thus, although appellant currently contends he did not intend to enter the victim's home for the purpose of raping her, the court heard alternative evidence suggesting the contrary.
 {¶ 32} Pursuant to R.C. 2950.09(B)(3)(c), (d), (e), and (h) appellant points out that the crime involved one victim; he did not use drugs or alcohol to impair the woman and there was no demonstrative pattern of abuse of the victim. The court spoke to these factors on record which indicates the judge considered the information in arriving at his ultimate conclusion.
 {¶ 33} In relation to R.C. 2950.09(B)(3)(f), appellant avers that he received sex offender treatment while he was in prison and, while he tried to enter a more intensive program as recommended by Dr. Fabian, he was denied admission. However, appellant acknowledges, pursuant to Dr. McPherson's report, that he should have been more assertive and entered into the more rigorous, recommended program. In any event, the court recognized appellant's participation in the sexual offender treatment program which demonstrates its consideration of this factor.
 {¶ 34} Under 2950.09(B)(3)(g), appellant acknowledges that Dr. Fabian determined that appellant was sadistic, an alcoholic, dependant on cannabis, and displayed borderline personality traits as well as voyeurism; however, appellant submits neither Dr. Fabian nor Dr. McPherson diagnosed him a pedophile or a psychopath, which, according to his psychological evaluation, are the two greatest risk factors for recidivism. In appellant's view, the court gave undue weight Dr. Fabian's determinations regarding his psychological profile.
 {¶ 35} In relation to R.C. 2950.09(i), appellant maintains that the victim was neither injured nor was the rape committed with cruelty. As such, appellant contends that the trial court erred when it determined that the rape was an act of cruelty unto itself as no weapons were used and the victim was not injured. As noted above, the court did not simply conclude that rape, by its very nature, is a cruel act. Rather, the court indicated that the circumstances surrounding this particular act were of such a nature as to evince the conclusion that it was committed with cruelty. Such was the court's factual finding and it was supported on record.
 {¶ 36} Finally, appellant acknowledges that Dr. Fabian found appellant to have a moderate to high risk to re-offend; however, appellant underscores Dr. McPherson's determination that he was only at a moderate risk to reoffend. Appellant notes that Dr. Fabian's findings, which included a diagnosis of voyeurism, permitted the court to conclude that his primary goal on the night of the incident was to watch the victim which led to her rape. Appellant argues that the court erroneously accepted Dr. Fabian's findings insofar as they contradicted those of Dr. McPherson's, which did not include the diagnosis of voyeurism.
 {¶ 37} In determining whether a judgment is against the manifest weight of the evidence, an appellate court engages in an independent review of the record, weighing the evidence and all reasonable inferences and determines whether the lower court clearly lost its way and created a manifest miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 38} Based on the record as a whole, this court finds that the state met its burden of proving by clear and convincing evidence that appellant is likely to commit another sexually oriented offense. Moreover, we hold that the trial court properly conducted the necessary analysis pursuant to R.C. 2950.01(E) and considered the relevant factors in accord with R.C. 2950.09(B)(3) in reaching its conclusion that appellant is a sexual predator. Although Dr. Fabian's and Dr. McPherson's diagnostic impressions yielded different conclusions, the court was able to view both expert's opinions and weigh them in relation to the facts before it. We cannot say that the court lost its way in giving more weight to certain conclusions over others, especially in light of the justifications offered by the court on record. See, supra.
 {¶ 39} Appellant's rape conviction meets the initial legal prong of the sexual predator statute. Further, the trial court's finding that appellant is likely to commit another sexually oriented offense is supported by competent, credible evidence. Thus, the trial court did not err in adjudicating appellant a sexual predator. Appellant's sole assignment of error is overruled.
 {¶ 40} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., concurs.
O'Neill, J., concurs in judgment only.
[1] Clear and convincing evidence is that indicia of proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be demonstrated.State v. King (Dec. 29, 2000), 11th Dist. No. 99-G-2237, 2001 WL 20720, at 2. This standard is intermediate, being more than a mere preponderance, but does not require the certainty required for proof beyond a reasonable doubt. State v. Eppinger (2001),91 Ohio St.3d 158, 164. "It does not mean clear and unequivocal." Id.
[2] In its judgment entry, the court states: "* * * the defendant suffers from a number of mental problems as outlined in Dr.Fabian's report, including but not limited to, anti-social personality, alcohol and cannabis dependency, voyeuristic tendencies and other mental problems." The certitude with which the court draws its conclusion in its judgment entry appears to contradict the incredulity it expressed at the hearing regarding appellant's alcohol and cannabis dependency. However, the court's views are not necessarily inconsistent: If a party has alcohol and/or drug problems before incarceration, even lengthy incarceration, he or she may not exhibit the same physical dependencies after thirteen years of sobriety; however, if that party is exposed to alcohol or the drug on which he or she was formerly dependent, that individual may stand a greater risk of relapsing into a dependent state. Thus, although appellant might "have a good shot at breaking" his alcohol and cannabis dependencies, these problems, if not controlled, could still increase the likelihood of recidivism.
[3] In 1985, appellant admitted that he spent one year in prison for a prior breaking and entering charge. Upon his release, appellant committed the instant offense.
[4] Although appellant directs our attention to his purported intent at the time of the crime, his argument does little to assist his argument. We acknowledge that burglary is a specific intent crime; however, appellant's intent to commit a burglary could be incidental to his intent to commit the rape. Burglary involves trespassing, by means of force, stealth or deception in an occupied structure with the purpose of committing any criminal offense. To say that appellant intended to "burglarize" the victim's home merely emphasizes the fact that he intended to commit a crime in her home. Here, the felony of rape was the underlying crime on which the charge of burglary was based. Thus, appellant's claim that he intended to burglarize the victim's home rather than specifically rape her technically neither informs the discussion nor buttresses appellant's argument.