**The STATE of Ohio, Appellee,**

v.

**WINCHESTER, Appellant.**

[Cite as *State v. Winchester* (2001), 145 Ohio App.3d 92.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78019.

Decided Aug. 6, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Renee L. Snow,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Carlos Warner,* Assistant Public Defender, for appellant.

TIMOTHY E. McMONAGLE, Presiding Judge.

Defendant-appellant, Samuel C. Winchester, Jr., appeals the finding by the trial court, pursuant to R.C. 2950.09(C), that he is a sexual predator. He alleges two constitutional and one evidentiary error in support. Although appellant's constitutional challenges lack merit, we agree that the evidence adduced at the hearing does not support the finding and, accordingly, vacate the sexual predator determination.

A review of the record on appeal indicates that on May 21, 1986, appellant was found guilty after a jury trial of kidnapping, in violation of R.C. 2905.01; gross sexual imposition, in violation of R.C. 2907.05; and five counts of rape, in violation

of R.C. 2907.02. Appellant was sentenced to five to twenty-five years of actual incarceration on the kidnapping and rape charges and a consecutive two-year term on the gross sexual imposition count, all counts to run consecutive to each other but subject to R.C. 2929.41. See *State v. Winchester*, Cuyahoga C.P. No. CR205557. This court sustained appellant's conviction in *State v. Winchester* (Aug. 27, 1987), Cuyahoga App. No. 52636, unreported, 1987 WL 16179.

On April 6, 2000, the trial court conducted a sexual predator determination hearing. In a journal entry filed on April 14, 2000, the trial court found appellant to be a sexual predator. This timely appeal followed.

Appellant's second and third assignments of error state:

"II. Ohio's sexual predator statute violates the concepts of separation of powers because it forces a trial court to investigate, prosecute and adjudicate individuals as sexual predators.

"III. The adjudication provisions violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I of the Ohio Constitution, because Ohio's classification scheme is systemically flawed."

In his second and third assignments of error, appellant raises constitutional challenges to R.C. Chapter 2950. This court has consistently rejected identical challenges to the constitutionality of R.C. Chapter 2950. See, *e.g.*, *State v. Wilson* (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, 2000 WL 1594577; *State v. Gross* (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported, 2000 WL 1177496; *State v. Moore* (Aug. 17, 2000), Cuyahoga App. No. 76830, unreported, 2000 WL 1176870. Accordingly, appellant's second and third assignments of error are summarily overruled.

Appellant's first assignment of error states:

"I. The evidence is insufficient, as a matter of law, to prove 'by clear and convincing evidence' that appellant 'is likely to engage in the future in one or more sexually oriented offenses' where the state presented only fourteen-year-old hearsay evidence and where the appellant presented a two-week-old expert opinion finding that he did not have a persistent sexual interest that was problematic."

In his first assignment of error, appellant asserts that the evidence presented at his sexual predator determination hearing was insufficient to prove by clear and convincing evidence that he is a sexual predator.

R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Thus, "at the sexual offender classification hearing, in order for the offender to be

designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense *and* that the offender is likely to engage in the future in one or more sexually oriented offenses." (Emphasis *sic.*) *State v. Eppinger* (2001), 91 Ohio St.3d 158, 163, 743 N.E.2d 881, 886, citing R.C. 2950.01(E) and 2950.09(B)(3).

 The standard of "clear and convincing evidence" is the measure or degree of proof that is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60–61. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Id.* In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. *Id.*

The first prong of R.C. 2950.01(E) was clearly satisfied in this case: appellant was found guilty of kidnapping,[1] rape, and gross sexual imposition. Appellant contends, however, that the evidence presented at the hearing was insufficient to establish by clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented offenses."

In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(2). These factors include, but are not limited to, the offender's age and prior criminal record, the age of the victim, whether the sex offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender completed a sentence for any conviction, whether the offender participated in any available program for sex offenders, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, any mental disease or disability of the offender, and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(2)(a) through (j).

At the sexual predator determination hearing, the state read into the record the victim's statement regarding appellant's offense, given to police shortly after the incident. The twenty-year-old victim stated that as she was walking down the street at approximately 2:30 a.m., a car driven by appellant and occupied by Robert Smith and a third man approached her and then stopped. The men offered the victim a ride, which she refused. One of the men got out of the car,

---

1. Pursuant to R.C. 2950.01(D)(3), kidnapping is a sexually oriented offense where it "is committed with a purpose to gratify the sexual needs or desires of the offender."

however, and abducted her. She was thrown across the front bucket seats of the car, with her head in appellant's lap. Appellant slapped her and instructed her to perform oral sex on him, but she refused to do so.

The men then took the victim to Smith's third-story apartment, where she was forced to undress as the men watched. The men then forced the victim to engage in oral sex with appellant and Smith and anal intercourse with the third man. Appellant then pulled the third man away from the victim, informing him that it was "his turn." The men then began arguing and Smith subsequently ordered appellant and the victim to get out of his apartment.

In the hallway of the apartment building, appellant told the victim that he was taking her to the corner of Prospect and East 40th Streets because she was "going to make [him] some money." On the way out of the apartment building with the victim, however, appellant knocked on the door of a second-story apartment and then entered the apartment, telling the victim to stay in the hallway or he would kill her. The victim then ran out of the apartment and escaped to a restaurant across the street.

At the sexual predator determination hearing, the state also presented as a joint exhibit with appellant a copy of appellant's institutional record. The prosecutor noted that the record reflected that appellant had been disciplined several times in prison for disobedience of work orders, refusing to carry out a work order, being out of place, and making threats. The state presented no other evidence at the sexual predator determination hearing.

We agree with appellant that the evidence presented by the state in this case was insufficient to support a determination that appellant "is likely to engage in the future in one or more sexually oriented offenses." First, appellant's prison disciplinary record, unrelated to any sexual offense, is obviously not probative of the issue of whether appellant is likely to engage in the future in one or more sexually oriented offenses.

Moreover, few of the factors listed in R.C. 2950.09(B)(2) apply to the circumstances of appellant's offense: (1) there was no great disparity between the age of the victim and that of appellant, as both were in their twenties, R.C. 2950.09(B)(2)(a), (c); (2) the offense did not involve multiple victims, R.C. 2950.09(B)(2)(d); (3) appellant did not use drugs or alcohol to impair the victim or prevent her from resisting, R.C. 2950.09(B)(2)(e); (4) appellant does not suffer from a mental disability or illness, R.C. 2950.09(B)(2)(g); (5) the offense was one isolated incident and not part of a demonstrated pattern of abuse, R.C. 2950.09(B)(2)(h); and (6) appellant had no prior criminal record nor any prior sexual offenses, R.C. 2950.09(B)(2)(b) and (f).

Although there may be cases when the circumstances of the underlying offense tend to suggest that the offender is likely to commit such offenses in the future, *State v. Ward* (1999), 130 Ohio App.3d 551, 720 N.E.2d 603, this is not one of those cases. The evidence presented by the state related solely to appellant's underlying conviction. This evidence, however, established merely that appellant committed a sexually oriented offense. It did not demonstrate by clear and convincing evidence that appellant is more likely than not predisposed to commit another sexually oriented offense. As this court has held repeatedly:

■ "[S]imply committing a single sexually oriented offense is not proof, *without further evidence or other compelling facts*, that the offender is 'likely to engage in the future in one or more sexually oriented offenses.' Had the legislature intended [that] result * * *, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator." (Emphasis added.) *Id.* See, also, *State v. Hull* (June 29, 2000), Cuyahoga App. No. 76460, unreported, 2000 WL 868461 ("Standing alone, defendant's rape conviction is insufficient to support his sexual predator determination."); *State v. Gregory* (Sept. 30, 1999), Cuyahoga App. No. 74859, unreported, 1999 WL 777860 ("[T]he state failed to provide any evidence beyond the bare facts of defendant-appellant's conviction to satisfy the second prong of the determination regarding the likelihood of future offenses."); *State v. Johnson* (Sept. 30, 1999), Cuyahoga App. No. 74841, unreported, 1999 WL 777868 ("During the hearing, the court was merely presented with the prosecutor's recitation of the fact of appellant's underlying conviction and the bare allegation that appellant had a prior sex conviction."); *State v. Wimberly* (Aug. 12, 1999), Cuyahoga App. No. 74652, unreported, 1999 WL 608802 ("No witnesses were presented at the hearing and no further evidence was taken relative to whether Wimberly was a risk to be a repeat offender in the arena of improper sexual relations with others."); *State v. Patterson* (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported, 1999 WL 84055 ("[T]he prosecution failed to present any evidence, beyond appellant's prior conviction, that appellant 'is likely to engage in the future in one or more sexually oriented offenses.' ").

■ Although appellant's conduct was certainly reprehensible, "R.C. Chapter 2950 is not meant to punish a defendant, but instead, 'to protect the safety and general welfare of the people of this state.' " *Eppinger, supra*, at 165, 743 N.E.2d at 888. Thus, "[i]nstead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses." *Id.* at 166, 743 N.E.2d at 888.

R.C. Chapter 2950 requires that the state present the trial court with evidence that the offender is likely to engage in the future in one or more sexually oriented

offenses. See R.C. 2950.01(E). Because no such evidence was presented here, the state failed to prove that appellant would likely commit one or more sexual offenses in the future and, therefore, the trial court erred in determining that appellant is a sexual predator.

We find the trial court's determination particularly troubling in light of the evidence presented by appellant at the hearing—evidence which, unlike that presented by the state, was clearly probative of the issue of whether appellant is likely to reoffend in the future. First, appellant introduced evidence contained in his institutional record that in 1995, he had successfully completed a twelve-week program regarding anger management and a twelve-week program for sex offenders.

More important, appellant presented the results of an Abel Assessment test for sexual interest. The Abel Assessment, which was conducted only two weeks prior to the sexual predator determination hearing, addressed two issues: whether appellant appeared to have a persistent sexual interest in sadistic behavior and whether he appeared to have any persistent sexual interests that might be problematic. The expert who administered the test to appellant analyzed appellant's scores on the three areas tested in the assessment. The expert stated:

"Mr. Winchester's score on the Cognitive Distortion Scale indicates that he does not utilize potential justifications that are frequently used by individuals who are sexually involved with children.

"Mr. Winchester appeared to be honest and presented with minimal defensiveness.

"Mr. Winchester's score on the Social Desirability Scale indicated that he is unwilling to admit to being imperfect, to being sometimes angry or to lying about little things."

The expert concluded:

"In reference to the two main questions addressed by this assessment, Mr. Winchester 1) does not appear to have an interest in sadistic sexual behavior; and 2) does not appear to have any persistent sexual interests that might be problematic.

"In summary, Mr. Winchester appears to be a heterosexual male; attracted to adult and adolescent females. He does not appear to have an interest in sadistic sexual behavior. Therefore, it appears that his actions may have been motivated by other factors."

The trial court simply ignored the expert opinion regarding appellant's likelihood of reoffending, however, and concluded that appellant "is out of touch with

reality" and, therefore, a sexual predator, because he was unwilling to admit to sometimes becoming angry or to lying about little things.

Once again, we remind the trial court that the state has the burden of proof in these cases. Here, there was evidence that appellant had successfully undergone treatment while in prison. There was also a two-week-old expert opinion regarding appellant's current psychological condition that opined that appellant was not likely to reoffend in the future. The state did not challenge the efficacy of appellant's treatment programs while in prison, however, either by asserting that treatment generally is ineffective or by showing that appellant had not responded to treatment, nor did the state challenge the expert's opinion that appellant is unlikely to reoffend. Instead, the state asked the judge to find appellant to be a sexual predator based solely on his fourteen-year-old conviction, which, as discussed earlier, is insufficient, without more, to support a sexual predator determination. Thus, not only did the state fail to meet its burden of proving that appellant is likely to engage in the future in one or more sexually oriented offenses, it also failed to rebut appellant's persuasive evidence to the contrary.

Appellant's first assignment of error is therefore sustained and the determination of the trial court finding appellant to be a sexual predator is vacated.

*Judgment vacated.*

KILBANE, J., concurs.

MICHAEL J. CORRIGAN, J., dissents.

MICHAEL J. CORRIGAN, Judge, dissenting.

As I would affirm the trial court's finding that the appellant should be classified as a sexual predator, I must respectfully dissent from the majority opinion.

The sexual predator hearing at issue was held based upon the recommendation of the Ohio Department of Rehabilitation and Correction ("ODRC") as the appellant was, and continues to be, incarcerated at the Grafton Correctional Institution. The ODRC recommended that the appellant be classified as a sexual predator.

At the hearing, the state presented evidence from the record of the underlying crimes for which the appellant was convicted by a jury (five counts of rape, kidnapping, and gross sexual imposition), including the victim's statement. The state also presented evidence of the appellant's lackluster prison record, which included numerous citations for disobeying orders and aggressive conduct.

In contrast, the appellant presented evidence that he had completed an anger management program and two sexual offender programs. The appellant also

introduced evidence that the appellant had been screened using the Abel Assessment test and that based on the results thereof, he was not likely to reoffend.

The trial court determined that the appellant should be classified as a sexual predator finding:

"I am particularly disturbed by the fact that there were multiple assailants of the victim of which your client certainly was one. They kidnapped this victim, beat this victim, not only threatened her with force, but actually used force against her.

"The prison record which includes a disciplinary violation shows a repeat pattern of inability to comply with authority, and that combined with his response to the social desirability scale of refusing to admit that he cannot, that he is not imperfect, that he does not sometimes become angry, that he occasionally lies about little things, clearly indicates to me that he is out of touch with reality as I don't think any human being would fairly answer that question in the negative.

"Therefore, the court adjudicates you to be a sexual predator, Mr. Winchester."

A trial court need not list all of the factors in R.C. 2950.09(B)(2) supporting a sexual predator determination, but rather need only consider such factors. *State v. Griffin* (2000), 140 Ohio App.3d 433, 747 N.E.2d 900; *State v. Goodall* (July 6, 2000), Cuyahoga App. No. 76491, unreported, 2000 WL 897309; *State v. Tracy* (May 20, 1998), Summit App. No. 18623, unreported, 1998 WL 254948. Simply because certain factors do not apply to a particular defendant does not mean he or she cannot be adjudicated a sexual predator. *Id.*

R.C. 2950.09(B)(3) states:

"After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"

Clear and convincing evidence is that evidence that will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *State v. Eppinger* (2001), 91 Ohio St.3d 158, 164, 743 N.E.2d 881, 887; *Cincinnati Bar Assn. v. Massengale* (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222, 1223; *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere

'preponderance of the evidence,'" it does not rise to the level of evidence "beyond a reasonable doubt." *Id.*

The majority chooses to substitute its judgment as to the relevancy of certain evidence for that of the trial court and, in so doing, exceeds its proper scope of review. This court's function is not to weigh the evidence presented at the sexual predator hearing, but rather is to determine whether clear and convincing evidence was adduced to support the determination. In this manner our review of a sexual predator classification is analogous to reviewing a claim that a verdict is against the manifest weight of the evidence. Thus, even though this court has a duty to independently review the evidence, we should give deference to the trial court's determinations and decline to substitute our judgment for that of the trial court. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. The majority opinion fails to accord the proper deference to the trial court's evidentiary determinations and blatantly substitutes this court's judgment for that of the trial court.

The facts of this case are very similar to those presented to the court in *State v. Griffin, supra,* 140 Ohio App.3d 433, 747 N.E.2d 900. In *Griffin,* this court clarified that our holding in *State v. Ward* (1999), 130 Ohio App.3d 551, 720 N.E.2d 603, should not be construed as prohibiting a trial court from considering the facts underlying an offender's conviction in making its classification determination:

"Contrary to the assertions contained in the appellant's brief filed with this court, the appellant's sexual conduct, the extreme cruelty which he displayed and his lack of remorse are evidence, per R.C. 2950.09(B)(2), that the appellant is likely to re-offend in the future. The appellant asserts that a determination as to whether an offender is likely to re-offend should be made independent of the factors listed by the legislature in R.C. 2950.09(B)(2)(a)–(j), and states that additional evidence, beyond the statutory factors, must be presented to support a sexual predator classification. We do not believe that such a requirement can be found in the statute. The legislature clearly believed that sexual conduct of a violent and bizarre nature on the part of an offender, the exhibition of extreme cruelty in the commission of a sexual offense and a documented pattern of abuse and other aberrant behavioral characteristics correlated with an increased likelihood that an offender will engage in the future in one or more sexually related offenses. These characteristics are evidence of an increased likelihood of recidivism. Thus, we reject the appellant's contention that there is a 'lack of evidence' that the appellant is likely to re-offend."

This court's statement in *Ward* that "committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is 'likely to engage in the future in one or more sexually oriented

offenses,' " should not be interpreted as an absolute requirement that additional evidence beyond the facts of the underlying crime be presented in order to justify a sexual predator determination. In this case, as well as in many other similar cases, recent evidence of this nature is unlikely to exist given the fact that the appellant has been incarcerated, and thus in a strictly controlled environment, since 1986. *Ward* simply stands for the proposition that a certified copy of a conviction is not sufficient to sustain the burden of proof necessary to justify a sexual predator determination. To cite *Ward*, as does the majority, for the proposition that compelling facts beyond the circumstances of the underlying offense must exist before an offender can be classified as a sexual predator is incorrect. Where, as was the case here, the state presents additional evidence beyond the proof of the conviction consisting of specific details of the underlying offense, a victim's statement, and the appellant's shoddy prison disciplinary record, *Ward* presents no impediment to a classification as a sexual predator.

Per the plain language of the statute, if the offense in question had been committed subsequent to January 1, 1997, the indictment against the appellant would have contained a sexually violent predator specification and the appellant would have been adjudicated a sexual predator upon his conviction on the underlying counts of rape and kidnapping with the purpose of gratifying the sexual desires of the offender. Surely, this sheds some light on the legislative intent of the statute in regards to the weight to be given to evidence arising from the commission of the underlying offenses(s) during the course of a sexual predator classification hearing.

This court has also held that circumstances of a single offense may be enough to justify a sexual predator determination where an assailant takes "unconscionable advantage of his victim" or uses his superior size or strength to dominate a weaker person. *State v. Gross* (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported, 2000 WL 1177496; see, also, *State v. Griffin, supra,* 140 Ohio App.3d at 442, 747 N.E.2d at 906–907. Each of these factors is present in the instant case. The majority opinion aptly recites the facts and circumstances underlying the appellant's convictions but inexplicably fails to reach the logical conclusion that they are sufficient to justify the trial court's sexual predator classification.

It cannot be disputed that the appellant displayed extreme cruelty, even by sexual offense standards, in the commission of this offense. The victim was kidnapped, she was repeatedly raped and otherwise degraded by the appellant, the three culprits argued on more than one occasion in front of her as to whose turn it was to sodomize the victim, and the appellant personally attempted to force the victim to engage in prostitution in order to earn him money.

I believe that the majority opinion places an undue emphasis on the Abel Assessment report, which was introduced into evidence. Initially, it should be

noted that the report was "interpreted" by a licensed social worker, not a psychiatrist or a psychologist. It is doubtful that the person who prepared the report could have been qualified as an expert even if she did testify at the hearing, which she did not. The majority opinion refers to this social worker as an expert on six separate occasions and evidently assumes that her expertise in predicting criminal behavior far surpasses that of the trial judge who presided over the hearing and whose evaluation of the evidence is given scarce consideration by the majority.

There is no background provided within the report, or elsewhere in the record, as to the methodology employed, the number of such assessments conducted by this individual, or the degree of likelihood upon which the conclusions were drawn. It is unclear how much time, if any, this particular social worker spent with the appellant in the course of preparing this report. Thus, the majority's reference to this person as an "expert" is somewhat dubious.

Almost all of the information interpreted in the report was provided by the appellant himself. The purported "objective" measurements of the appellant's sexual interests are never explained. It is not at all clear that these "objective measures" of the appellant's purported sexual interest which consisted of "22 slide categories depicting children, teens, and adults both Caucasian and African–American, plus depiction of various deviant sexual behaviors" are in any way truly objective.

In filling out the questionnaire, the appellant either failed to admit or denied that he had engaged in rape. This display of self-serving evasiveness on the part of the appellant was probative evidence properly considered by the trial court in reaching its determination and also distorted, if not flat-out invalidated, the results of the assessment. Viewed in this context, the trial judge's observation that the appellant seemed out of touch with reality because he is prone to lie about "little things" was actually a considerable understatement.

The appellant claimed on the "sex offender specific questionnaire" portion of the report that his sexual history consisted of one consensual act with a stranger at the age of twenty-three. Nobody familiar with the underlying facts of the appellant's convictions could possibly believe such a patently implausible claim. Yet the social worker who prepared the report in question not only accepted this assertion but utilized it in reaching her conclusions.

The report's objective findings merely state that appellant has a sexual interest in adult and adolescent females and does not show a sexual interest in "sadistic sexual behavior." This is not equivalent to a finding that he is not likely to reoffend. Similarly, the report's conclusion states that "[h]e does not appear to have an interest in sadistic sexual behavior. Therefore, it appears that his actions *may have been motivated by other factors.*" The report makes no further

effort to explain or determine what these "other factors" may be or why the public should not be concerned about them upon the appellant's release.

Nowhere in the report does the social worker render an opinion "that appellant is unlikely to reoffend" as is inaccurately stated in the majority opinion. Even if the social worker had included such a conclusion of law in her report, the trial court would have been under no obligation to accept it.

The majority opinion confers Holy Grail–like status upon this rudimentary interpretation of a questionnaire by a social worker, implying that the trial court was obligated to accept the results of the assessment and concomitantly to decline to classify the appellant as a sexual predator. In so doing, the majority disregards traditional evidentiary maxims concerning the functions of the finder of fact. It is axiomatic that a finder of fact is free to believe some, all, or none of the evidence presented.

The majority states that "[t]he trial court simply ignored the expert opinion regarding appellant's likelihood of re-offending." I submit that rather than "simply ignor[ing]" the results of the Able Assessment, the trial court, as was its province, merely chose not to adopt the results. This decision by the trial court was reasonable, given the report's questionable methodology coupled with the fact that the interpreter of the report did not even testify at the hearing.

I am also somewhat perplexed by the majority's conclusory assertion that "appellant's prison disciplinary record * * * is obviously not probative of the issue of whether the appellant is likely to engage in the future in one or more sexually related offenses."[2] The appellant's prolonged pattern of misconduct and defiance of authority is indeed probative of the issue of whether he is likely to reoffend upon being released. The legislature apparently did not share the majority's opinion concerning the irrelevance of such evidence, as the "relevant factors" found in R.C. 2950.09(B)(2) for the trial court to consider in determining whether an offender is a sexual predator include "[t]he offender's prior criminal conduct regarding *all offenses, including, but not limited to, all sexual offenses,*" and "[i]f the offender * * * has been convicted of or pleaded guilty to *any criminal offense.*" (Emphasis *sic.*) See R.C. 2950.09(B)(2)(b) and R.C. 2950.09(B)(2)(f). The majority's cavalier dismissal of all evidence of aberrant behavior not sexual in nature is clearly inconsistent with the dictates of R.C. 2950.09, as well as the statute's legislative intent. Evidence of such behavior may

---

2. After dismissing the prison record as nonprobative, the majority later states that "[t]he evidence presented by the state related solely to the appellant's underlying conviction." The fact that the prison disciplinary record was introduced at the hearing and obviously belies the assertion that evidence beyond the underlying conviction was not presented.

be properly considered by the trial court in making its determination whether an offender should be classified as a sexual predator.

I must also take exception to the majority's vacation of the order of the trial court without remanding the matter for further proceedings. As the majority is well aware, the intended effect of its order will be to prevent the appellant from being classified as a sexually oriented offender or as a habitual sexual offender on appeal. By operation of law, the appellant should be classified, at the very least, as a sexually oriented offender with the attendant registration requirements.

A sexually oriented offender is defined as "a person who has committed a sexually oriented offense" as defined in R.C. 2950.01(D), and does not meet the definition of either a habitual sex offender or sexual predator. The appellant's convictions herein for rape and kidnapping satisfy the criteria for committing a sexually oriented offense, and, thus, *the appellant is, at a minimum, a sexually oriented offender as a matter of law.* R.C. 2950.01(D)(1), (3) and (4). Yet, for reasons the majority chooses not to disclose, they opt to vacate the trial court's finding without remanding the matter for further proceedings and in so doing essentially give the appellant a free pass. There can be but little doubt that this was not the intention of the legislature when it enacted the sexual predator statute.

As the majority is also undoubtedly aware, the Supreme Court has also weighed in on the issue of whether a remand for a new sexual predator classification hearing constitutes double jeopardy. Because such a hearing is civil, rather than criminal in nature, the concept of double jeopardy is inapplicable. *State v. Gowdy* (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579, 589. The Supreme Court, as well as other courts throughout the state, have consistently determined that the proper remedy is remand for a new hearing where it has been determined upon appeal that there is insufficient evidence to support sexual predator classification. *State v. Eppinger* (2001), 91 Ohio St.3d 158, 167, 743 N.E.2d 881, 889; *State v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570, 586–587; *State v. Ward* (1999), 130 Ohio App.3d 551, 563, 720 N.E.2d 603, 611–612; *State v. Allen* (2001), 142 Ohio App.3d 291, 755 N.E.2d 440; *State v. Burke* (Sept. 21, 2000), Franklin App. 00AP–54, unreported, 2000 WL 1358111. I am at a loss to explain this abrupt procedural deviation in which the majority engages.

Accordingly, I would affirm the trial court's classification of the appellant as a sexual predator.