JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Charles McCuller appeals from the finding of the trial court, pursuant to R.C. 2950.09(C), that he is a sexual predator. The appellant alleges that there was insufficient evidence to support the finding, that the trial court failed to consider the relevant factors required under R.C. 2950.09(B)(2), and that he was denied due process by the trial court's failure to obtain an expert psychological evaluation.
{¶ 2} The sexual predator determination arises from the appellant's February 15, 1980 conviction of rape in violation of R.C.2907.02. After entering a plea of guilty, the appellant was sentenced to a term of seven to twenty-five years incarceration. The appellant's sexual offender classification hearing was held on May 10, 2001 and May 22, 2001. No witness testimony was heard by the trial court.
{¶ 3} At the May 10, 2001 hearing, the prosecutor argued that when considering the factors which may be taken into account in determining the appellant's sexual offender status, the court should consider that the appellant raped a 24 year-old stranger both orally and vaginally. However, the state urged that the most important consideration was the fact that appellant has three sexual offense convictions. The appellee argued that even though all three offenses occurred during a similar time, they were three separate offenses. The appellee offered as exhibits the journal entries of the appellant's January 11, 1980 pleas on two separate cases. In Cuyahoga County Court of Common Pleas case number 048919 the appellant pled guilty to one count of rape, and in case number 048254 the appellant pled guilty to attempted rape and felonious assault. Also offered as an exhibit was the police report in the case now before this court. The appellant did not object and the trial court admitted the exhibits offered by the appellee.
{¶ 4} During the May 10, 2001 hearing, the appellant's counsel argued that the appellant was sixteen years old at the time of the offenses. Counsel asserted that while his client recognized that he was a sexual offender pursuant to R.C. 2950.09(B), he contested the categorization of sexual predator pursuant to R.C. 2950.09(C). Additionally, the appellant's counsel stated, "Judge, I think the Court needs medical or psychiatric testimony, or some type of opinion, to evaluate whether or not this defendant is someone likely to commit this type of offense in the future. You have no such evidence." (T. 12). This issue was raised again in the May 22, 2001 arguments before the trial court (T. 16).
{¶ 5} On May 21, 2001, the appellee filed a motion to introduce additional evidence. This evidence consisted of police reports and medical records pertaining to the crimes committed in Cuyahoga County Court of Common Pleas case numbers 048919 and 048254. The record does not reflect any explicit ruling on this motion. However, at the May 22, 2001 hearing, the trial court first noted that there were further proposed exhibits. When issuing its ruling, the trial court merely stated that upon "having reviewed the arguments of counsel and the additional evidence as well as the evidence presented at the time of the hearing, the Court is going to make a sexual predator classification in this case." (T. 17).
{¶ 6} The appellant's second assignment of error is dispositive of this appeal and will therefore be considered first:
 {¶ 7} AS HELD BY THE SUPREME COURT IN STATE V. THOMPSON AND AS DISCUSSED BY THE TENTH DISTRICT COURT OF APPEALS IN STATE V. BURKE, THE TRIAL COURT ERRED IN DETERMINING THAT THE APPELLANT WAS A SEXUAL PREDATOR WITHOUT CONSIDERING ANY OF THE RELEVANT FACTORS CODIFIED AT R.C. 2950.09(B)(2).
{¶ 8} The appellant contends that the trial court failed to consider the statutorily required factors in R.C. 2950.09(B)(2).
{¶ 9} This court has recently noted that R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. State v. Winchester
(2001), 145 Ohio App.3d 92. The burden of proof is on the state to show by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger
(2001), 91 Ohio St.3d 158.
{¶ 10} The Ohio Supreme Court has stated that while it is problematic for the trial court to reach a determination that a defendant will likely re-offend in the future, it is confounding to review on appeal without an adequate record. Eppinger, at 166. The court then discussed the objectives of a model sexual offender classification hearing. First, a record must be created for review. Towards that end, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C.2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. The Eppinger Court noted that where the conviction is old, the state may need to introduce a portion of the actual trial record. In any event, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
{¶ 11} The trial court may also be required to provide expert assistance to the defendant to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Eppinger, supra. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. Id. Finally, the "trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Eppinger, 168, emphasis added.
{¶ 12} In State v. Thompson (2001), 92 Ohio St.3d 584, it was determined that the factors set forth by the legislature in R.C.2950.09(B)(2) are to be used as guidelines. These guidelines provide the framework to assist judges in determining whether a defendant who has committed a sexually oriented offense is a sexual predator. However, these guidelines do not provide an exhaustive list of factors to consider and a trial judge may consider other relevant evidence in determining the issue of recidivism. Id. It is noteworthy that the Thompson court reiterated the pronouncement made in Eppinger, supra, that "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2) and should discuss on the record the particular evidence and factors uponwhich it relies in making its determination regarding the likelihood of recidivism." (Emphasis added in Thompson.)
{¶ 13} In the case sub judice, the first prong of R.C. 2950.01(E) was clearly satisfied when the appellant pled guilty to rape in violation of R.C. 2907.02. The second prong requires the state to show that the appellant is likely to engage in the future in one or more sexually oriented offenses. This prong was not satisfied by the trial court's mere conclusion that the appellant was a sexual predator. The failure of the trial court to discuss on the record the evidence and factors it used in arriving at this conclusion as specifically required by Eppinger andThompson, supra, was error.[1]
{¶ 14} The trial court must rehear this matter.
{¶ 15} The appellant's second assignment of error is well taken.
{¶ 16} The first and third assignments of error:
 {¶ 17} THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 {¶ 18} APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT FAILED TO OBTAIN AN EXPERT PSYCHOLOGICAL EVALUATION IN VIOLATION OF R.C. § 2950.09(B)(1) AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 TO THE OHIO CONSTITUTION.
{¶ 19} The appellant's first and third assignments of error are moot pursuant to App.R. 12.
Reversed and remanded for a new hearing on the appellant's sexual offender status.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] We find it disturbing that the record before this court is devoid of the evidence usually supplied to the trial court for consideration in making a determination on an offender's sexual offender status. The file does contain the police reports and medical records of the past crimes. However, there are no presentence reports, no reports from the appellant's term of incarceration regarding his behavior, no reports indicating, one way or the other, that the appellant furthered his education or attended classes. There are no psychological evaluations either old or current, and there was no expert witness testimony at the hearing.