{¶ 41} I respectfully dissent with the majority opinion in this case. Under the standard set forth in State v. Winchester, (2001),145 Ohio App.3d 92, 2001-Ohio-3308, the state must prove, by clear and convincing evidence, that a defendant is likely to reoffend in the future, before he can be classified as a sexual predator. See, State v.Ward (1999), 130 Ohio App.3d 551, 720 N.E.2d 603; State v. Hull, Cuyahoga App. No. 76460, 2000-Ohio-2905, (Standing alone, defendant's rape conviction is insufficient to support his sexual predator determination.); State v. Gregory, Cuyahoga App. No. 74859, 1999-Ohio-4670, (The state failed to provide any evidence beyond the bare facts of defendant-appellant's conviction to satisfy the second prong of the determination regarding the likelihood of future offenses.); Statev. Johnson, Cuyahoga App. No. 74841, 1999-Ohio-4678, (During the hearing, the court was merely presented with the prosecutor's recitation of the fact of appellant's underlying conviction); State v. Wimberly, Cuyahoga App. No. 74652, 1999-Ohio-3726, (No witnesses were presented at the hearing and no further evidence was taken); State v. Patterson, Cuyahoga App. No. 72448, 1999-Ohio-446, (The prosecution failed to present any evidence, beyond appellant's prior conviction).
 {¶ 42} In the case at bar, the majority states that it is abundantly clear that the lower court based its decision on clear and convincing evidence * * * in labeling the appellant a sexual predator. The majority also writes that the trial court systematically addressed each of the enumerated factors in R.C. 2950.09(B)(2).
 {¶ 43} I, however, read the record of the proceedings in this case far differently. I do not find that the lower court substantively considered the factors listed in the statute before it decided defendant should be classified as a sexual predator.
 {¶ 44} Even though a court is free to consider only some of the factors listed in R.C. 2950.09(B)(2), should it focus too narrowly, the predictive purpose of the list becomes irrelevant in assisting the court to decide whether a defendant is likely to engage in one or more sexually oriented offenses in the future.
 {¶ 45} The majority reaches its conclusion about the evidence in this case by focusing only upon the details of the offenses for which appellant was convicted in the first place. This court has repeatedly held that, standing alone, a conviction for a sexually oriented offense is insufficient to support a sexual predator determination. State v.Winchester (2001), Ohio App.3d 92.
 {¶ 46} As ugly and disturbing as the facts of appellant's offenses towards his step-daughter are, there is little evidence, let alone clear and convincing evidence, defendant is likely to reoffend in the future.
 {¶ 47} On the contrary, most of the evidence presented at the hearing weighs against the likelihood that defendant will commit similar sexually oriented offenses in the future. After a psychological evaluation, defendant was found to be a low-to-medium risk to reoffend in the future. Such a range does not meet the standard of clear and convincing evidence that he is likely to reoffend. The state's other evidence was merely a rote recitation of old facts.
 {¶ 48} In addition, defendant has received years of rehabilitative treatment to reduce his likelihood of reoffending. Defendant presented evidence, moreover, that he had volunteered for the sex offender program.
 {¶ 49} Defendant's convictions in this case are twelve years old, and there is no evidence that he committed any other sexually related offenses or that there was sexually-related misconduct while in prison. Because all the unfavorable evidence is stale, and the more current evidence is more favorable, I would vacate the trial court's classification of defendant as a sexual predator.