JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant, Franklin E. Kalinowski, appeals from the judgment of the Cuyahoga County Court of Common Pleas adjudicating him a sexual predator and sentencing him, after a guilty plea, to eleven years incarceration.
 {¶ 3} The record reflects that on July 31, 2001, the Cuyahoga County Grand Jury rendered a seventy-seven count indictment against appellant, charging him with thirty-six counts of rape, in violation of R.C. 2907.02; thirty-six counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31; four counts of importuning, in violation of R.C. 2907.07; and one count of attempted gross sexual imposition, in violation of R.C. 2923.02/2907.05. The indictment arose from allegations that appellant had digitally penetrated the two minor children of his long-time live-in girlfriend, forced them to have oral sex with him and shown them pornographic materials.
 {¶ 4} On December 10, 2001, pursuant to a plea agreement, appellant pled guilty to amended counts one through thirty-six of the indictment (the rape counts) and to one count of importuning. The trial court dismissed the remaining counts and referred appellant for a presentence investigation.
 {¶ 5} On January 18, 2002, the trial court held a sexual offender classification hearing pursuant to R.C. 2950.09. Noting that there were multiple victims, the victims were young and the sexual conduct occurred over several years, the trial court found appellant to be a sexual predator.
 {¶ 6} The trial court then sentenced appellant to ten years incarceration on each of the thirty-six rape counts, to be served concurrently, and twelve months incarceration on the importuning charge, to be served consecutively, for a total of eleven years incarceration.
 {¶ 7} Appellant timely appealed, raising three assignments of error for our review.
 I. {¶ 8} As part of the plea agreement, the State amended the indictment to remove the "use of force or threat of force" allegation from the rape charges. As amended, the thirty-six rape counts to which appellant pled guilty were felonies of the first degree punishable by three to ten years incarceration and/or a maximum fine of $20,000.
 {¶ 9} In his first assignment of error, appellant contends that the trial court failed to engage in the required analysis prior to imposing a sentence that was not only more than the minimum term of incarceration but was actually the maximum term permitted by law for the offense of rape.
 {¶ 10} R.C. 2929.14(C) provides that:
 {¶ 11} "* * * The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 12} Thus, to impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. State v.Hollander (2001), 144 Ohio App.3d 565, 569. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. Id.
 {¶ 13} Here, in imposing the maximum sentence for rape, the trial court recited the summary of appellant's offenses as contained in the presentence investigation report. The court then noted that both victims were under the age of thirteen when the offenses were committed, the offenses occurred over several years and appellant's relationship with the victims helped facilitate the offenses. The trial court then specifically stated, "I find that the sexual conduct you engaged in, particularly in regard to the youngest victim in this case, was or is one of the worst forms of the offense of rape * * *."
 {¶ 14} Accordingly, on this record, we find that the trial court complied with the requirements of R.C. 2929.14(C) in sentencing appellant to the maximum term of incarceration for rape.
 {¶ 15} Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. Here, although appellant had not previously served a prison term, the trial court did not make any such findings.
 {¶ 16} This court has previously held, however, that once a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14(C), it is not thereafter required to justify its reasons for imposing more than the minimum term of incarceration, in spite of the offender's status as an offender who previously has not served a prison term. See State v. Berry (June 14, 2001), Cuyahoga App. No. 78187; State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908; State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297. The plain language of the statute renders R.C. 2929.14(B) inapplicable when an offender is sentenced to a maximum prison term pursuant to R.C.2929.14(C).
 {¶ 17} Here, because the trial court satisfied the requirements of R.C. 2929.14(C) in imposing the maximum sentence, there was no need to make findings or give reasons pursuant to R.C. 2929.14(B) for sentencing appellant to more than the minimum sentence.
 {¶ 18} Appellant's first assignment of error is therefore overruled.
 II. {¶ 19} In his second assignment of error, appellant asserts that the trial court erred in imposing consecutive sentences.
 {¶ 20} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences. It provides that a court may impose consecutive sentences only when it concludes that the sentence is: 1) necessary to protect the public from future crime or to punish the offender; 2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and 3) one of the following applies: a) the offender committed the offenses while awaiting trial or sentencing, under sanction or under post-release control; b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 21} Moreover, R.C. 2929.19(B)(2) provides that:
 {¶ 22} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 23} "* * *
 {¶ 24} "(c) If it imposes consecutive sentences under section 2929.12 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 25} Thus, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences and, pursuant to R.C. 2929.19(B)(2)(c), the trial court must give the reasons behind its findings. Failure to sufficiently state these reasons on the record constitutes reversible error. State v. Patterson
(June 20, 2002), Cuyahoga App. No. 80409, citing State v. Gary (2001),141 Ohio App.3d 194, 196-198; State v. Beck (Mar. 20, 2000), Cuyahoga App. No. 75193.
 {¶ 26} In sentencing appellant to consecutive terms, the trial court stated:
 {¶ 27} "I find that consecutive terms are necessary to protect the public in this specific case. The public are the two victims. The Court finds that the two victims will be well into adulthood after you are done serving your eleven years. I also find that one term of ten years is insufficient to punish you for the type of crime that you committed. A total sentence of eleven years is not disproportionate to your conduct in this case; specifically, oral sex with an eight-year-old. And I do find that the harm in this case was so great that a single term of ten years does not adequately reflect the seriousness of your conduct."
 {¶ 28} Thus, not only did the trial court make the specific findings required to sentence appellant to consecutive sentences, it also gave the reasons behind its findings. The trial court found that: 1) consecutive sentences were necessary to protect the victims from further crimes by appellant; 2) consecutive sentences were not disproportionate to the seriousness of appellant's offenses because they were sexual offenses against young children; and 3) the harm suffered by the victims, which the court had earlier noted included physical harm, was so great that a single ten-year term would not adequately reflect the seriousness of appellant's conduct. We hold, therefore, that the trial court complied with the statutory requirements for imposing consecutive sentences as set forth in R.C. 2929.14(E)(4) and 2929.19(B)(2).
 {¶ 29} Appellant's second assignment of error is overruled.
 III. {¶ 30} In his third assignment of error, appellant asserts that the trial court erred in adjudicating him a sexual predator.
 {¶ 31} R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. Statev. Eppinger (2001), 91 Ohio St.3d 158, 163, citing R.C. 2950.01(E) and2950.09(B)(3).
 {¶ 32} The standard of clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. State v. Schiebel (1990),55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof that produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
 {¶ 33} Here, the first prong of R.C. 2950.01(E) was clearly satisfied: appellant pled guilty to rape. Appellant contends, however, that the evidence presented at the hearing was insufficient to establish by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 34} In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C.2950.09(B)(2). These factors include, but are not limited to, the offender's age and prior criminal record, the age of the victim(s), whether the sex offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, whether the offender completed any sentence imposed for any prior conviction, whether the offender participated in any available program for sex offenders, any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 35} At the sexual offender classification hearing in this case, the State presented notes from interviews of the victims by the Newburgh Heights Police Department on April 24, 2001 and a statement given by one of the victims to Cuyahoga County Department of Children and Family Services as State's Exhibits 1, 2 and 3. In her interview with CCDCFS, the younger victim reported that on numerous occasions when her mother was asleep or not at home, appellant took her to the basement, where he forced her to look at pornographic magazines and watch pornographic movies with him and then have oral sex with him. She reported further that appellant penetrated her anus and vagina with his finger and offered her $50 to masturbate him and his friend. She also reported that appellant threatened to tell her mother that she was the one initiating the sex if she ever told anyone about the incidents. According to this victim, the incidents began when she was in second grade and continued for three years.
 {¶ 36} The older victim reported that appellant exposed himself to her on several occasions and offered her money to touch his penis. She reported further that on one occasion when she pushed appellant out of her room, he tried to touch her chest. She also reported that she would hide under her bed so that appellant would not find her.
 {¶ 37} We agree with the judge that this evidence clearly and convincingly demonstrates that appellant is likely in the future to engage in one or more sexually oriented offenses. First, as the trial judge stated at the hearing, the victims were "as young as seven or eight" when the offenses began, demonstrating that appellant has a history of preying upon those who by their age are relatively helpless. R.C. 2950.09(B)(2)(C). Moreover, as the trial judge also noted, there were multiple victims involved in the offenses. R.C. 2950.09(B)(2)(d).
 {¶ 38} Furthermore, as the trial judge also noted at the hearing, the nature of appellant's offenses was particularly distressing in this case. R.C. 2950.09(B)(2)(h). The offenses took place over a period of several years and exploited appellant's relationship as in loco parentis to the young victims. In addition, appellant threatened at least one of the victims so she would not tell anyone about the incidents. Thus, contrary to appellant's assertion that the trial court found him to be a sexual predator solely on the basis of his underlying conviction,[1] we note that appellant engaged in multiple sexual offenses against several children over a significant period of time. The statements of the victims involved in the offenses to which appellant pled guilty clearly and convincingly demonstrate that appellant's offenses were part of a larger pattern of abuse. R.C. 2950.09(B)(2)(h).
 {¶ 39} We reject appellant's argument that because he "only satisfied a few of the factors to be considered," there was insufficient evidence to adjudicate him a sexual predator. R.C. 2950.09(B)(2) does not require that each factor be met before an offender may be classified as a sexual predator — only that each factor be considered. State v.DeLyle (Nov. 1, 2001), Cuyahoga App. No. 79169, citing State v. Goodall
(July 6, 2000), Cuyahoga App. No. 76491 and State v. Tracy (May 20, 1998), Summit App. No. 18623. The transcript of the sexual offender classification hearing demonstrates that the trial judge carefully considered each factor set forth in R.C. 2950.09(B)(2).
 {¶ 40} We also reject appellant's argument that the evidence was insufficient to find him to be a sexual predator because the State did not put on any psychological or medical testimony. Although the State has the burden of proof in these cases, defense counsel presented no evidence whatsoever at the hearing as to why appellant should not be labeled a sexual predator. Moreover, notably absent from the record is any request from defense counsel for a psychological evaluation of appellant.
 {¶ 41} In light of the evidence presented by the State at the sexual offender classification hearing, the trial judge did not err in finding that appellant is likely in the future to engage in sexually oriented offenses. Accordingly, the trial court did not err in finding appellant to be a sexual predator.
 {¶ 42} Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS; KENNETH A ROCCO, J., CONCURS WITHSEPARATE CONCURRING OPINION.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] This court has repeatedly held that, standing alone, a conviction for a sexually oriented offense is insufficient to support a sexual predator determination. See State v. Winchester (2001), 145 Ohio App.3d 92, and cases cited therein.