JOURNAL ENTRY AND OPINION
{¶ 1} Brian Padgett appeals from an order of Judge Daniel Gaul, who determined that he was a sexual predator and imposed registration requirements under R.C. Chapter 2950. Padgett claims the evidence was insufficient to sustain the predator finding because, among other things, he had no prior criminal record. The State argues that the judge's ruling is supported by evidence of Padgett's crime, his institutional record, and his current psychiatric condition. We affirm.
 {¶ 2} On May 26, 1992, then twenty-four-year-old Padgett pleaded guilty to one count of forcible rape of a child under thirteen.[1] In exchange for the plea the prosecutor nolled four other counts of rape, five counts of gross sexual imposition,[2] two counts of felonious sexual penetration,[3] and one count of disseminating matter harmful to juveniles.[4] All of the charges stemmed from incidents in August 1991, in which Padgett was alleged to have subjected a nine-year-old male victim to oral and anal sex on at least five separate occasions. The judge sentenced him to life in prison,[5] with parole eligibility after fifteen years.[6]
 {¶ 3} On March 14, 2003, the State requested a sexual predator adjudication and, after Padgett was referred to the court psychiatric clinic for evaluation, the hearing was held. The State presented evidence concerning the original allegations, police reports, a transcript of Padgett's statements to the police during interrogation, and a transcript of a taped phone conversation in which Padgett told the victim to deny that anything had happened. The State also presented Padgett's institutional record, which included, among other things, a 1997 disciplinary action imposed because he was in possession of sexually explicit letters from inmates in other institutions that described, and also apparently depicted, sexual encounters with boys aged eight to ten. In addition, the institution intercepted a letter, written by Padgett, which described his sexual fantasies with male children.
 {¶ 4} The State next presented the report of a June 10, 2003, psychiatric evaluation, which had been conducted by Michael Aronoff, Ph.D. In the report, Dr. Aronoff concluded that Padgett was a pedophile, and that Padgett "may have difficulty responding truthfully to others." He noted that Padgett denied having any sexual contact with the victim, that he claimed to have been coerced into making admissions to police, and that he claimed the taped phone conversation was unfair "entrapment." He also told Dr. Aronoff that the sexually explicit letters found in his cell were unsolicited, and that he wrote only one letter in response, which requested the sender to stop mailing letters to him. The judge determined that Padgett was a sexual predator.
 {¶ 5} Padgett's single assignment of error, which is included in an appendix to this opinion, claims the evidence does not support the sexual predator determination. Because the assignment has challenged the evidence generally, we will review the evidence for both sufficiency and manifest weight.[7]
 {¶ 6} In order to declare a defendant a sexual predator, the judge must find, by clear and convincing evidence, that the defendant has been convicted of a sexually oriented offense and is likely to commit sexually oriented offenses in the future.[8] The judge is to consider all relevant factors in making the determination, including those specifically listed in R.C. 2950.09(B)(3).[9]
 {¶ 7} We review a claim of insufficiency to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[10] However, where the burden of proof is clear and convincing evidence, we review the sufficiency challenge under that standard.[11] Under the manifest weight standard, we assess the quality and credibility of the evidence to determine whether the judgment is adequately supported.[12] We will reverse a judgment on manifest weight grounds only if it appears that the decision reflects an unreasonable view of the evidence and the result is unjust.[13]
 {¶ 8} Padgett pleaded guilty to raping a nine-year-old boy, and the evidence gathered in the investigation of his crime shows that he engaged in oral and anal sex with the boy on a number of separate occasions. In a taped telephone conversation made during the investigation, Padgett told the victim to deny having sex with him, and he also told the victim that he was to blame for inciting the contact. Padgett also told police that the victim initiated sex.
 {¶ 9} Although he pleaded guilty to rape and admitted to sexual contact during the police investigation and in the pre-sentence investigation report, during Dr. Aronoff's evaluation he denied having any sexual contact with the victim, and he repeated the denial at the hearing. In addition, during the psychiatric evaluation and at the hearing he claimed the charges had been fabricated because he refused to marry the victim's mother.
 {¶ 10} Padgett claims he has participated in substance abuse and sex offender treatment programs and the evidence does not support a sexual predator finding because he had no previous criminal record, because he will be at least forty years old when released,[14] and because a Static-99 test performed during his psychiatric evaluation placed his risk of re-offending in the medium-low range. Although these factors are relevant to the determination, the judge found that they did not outweigh the factors that aggravated his risk of re-offending.
 {¶ 11} We note that the Static-99 test is based on objective, historical factors, such as prior criminal record, and the fact that Padgett has been convicted of only one offense tends to lessen the Static-99 score. The lack of prior offenses also weighs against a sexual predator determination, because we are hesitant to apply a "one strike and you're out" policy with respect to those determinations.[15] However, when other evidence — such as the offender's conduct in committing the offense, his conduct in prison, and his current psychiatric state — demonstrates predatory characteristics, the lack of multiple convictions will not prevent a sexual predator determination.[16]
 {¶ 12} In contrast to Padgett's Static-99 score, his performance on another psychiatric test, the ABEL assessment, showed significant tendencies toward recidivism. The objective portion of the ABEL test measures a subject's responses to a slide show, and the results of that test showed that Padgett was sexually attracted to boys aged two to four and boys aged eight to ten. The subjective portion of the test measures the subject's responses to a questionnaire concerning sexual behavior, and the results of that test showed that Padgett's score on the "Social Desirability" scale was in the "problematic range," meaning that he "may be unwilling to admit to violations of common social mores such as impatience, anger, etc. Thus, he may have difficulty responding truthfully to others." This difficulty is exemplified by his statements concerning his offense, and by his subsequent behavior.
 {¶ 13} Dr. Aronoff's report specifically noted that he had not included Padgett's 1997 institutional discipline as an "offense" in the Static-99 evaluation because he was unsure whether inclusion was appropriate for that test. Although we cannot state whether a particular datum is appropriate for inclusion on a psychological test score, we note that the omission lowered Padgett's Static-99 score. Furthermore, regardless of whether the disciplinary action was appropriate for inclusion on the Static-99 test, the facts of that discipline are relevant to the sexual predator determination and should be considered at some point.
 {¶ 14} Padgett was disciplined after a letter he wrote, along with sixty-four other letters, which he had received from inmates at other institutions, were found in his prison cell, all of which described sexual fantasies with children. His denials concerning the letters were unconvincing because his claim that the sixty-four letters sent to him were unsolicited did not explain why he kept them.
 {¶ 15} The judge reasonably concluded that Padgett exhibited a number of relevant characteristics that indicated his likelihood to re-offend. He committed an offense against a child, and later attempted to deny it, cover it up, or blame the victim for his offense. An evaluation of his current mental state indicated a continued sexual attraction to young boys, and his behavior indicated that he continued his attempts to satisfy that attraction while he also attempted to deny or cover up his behavior. His psychiatric evaluation could fairly be described as showing no improvement, and perhaps a deterioration, in his attitude and behavior since his conviction. Although he was convicted of only one sexual offense, he has nevertheless shown a pattern of abusive behavior and a failure to accept responsibility for his conduct. Therefore, the judge reasonably concluded that consideration of the factors under R.C.2950.09(B)(3) merited a finding that Padgett was a sexual predator. The assignment of error is overruled.
Judgment affirmed.
 APPENDIX — ASSIGNMENT OF ERROR {¶ 16} "The State of Ohio failed to introduce clear andconvincing evidence to justify the designation of Brian Padgettas a sexual predator pursuant to the provisions of O.R.C.2950.01(E)(1)."
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Karpinski, J., concur.
[1] R.C. 2907.02.
[2] R.C. 2907.05.
[3] R.C. 2907.12.
[4] R.C. 2907.31.
[5] R.C. 2907.02(B).
[6] Under the applicable version of R.C. 2967.13(F), a defendant sentenced to life in prison for rape becomes eligible for parole in ten years. Therefore, the judgment purporting to prohibit parole consideration for fifteen years appears unlawful. Nevertheless, this is not the subject of this appeal, and it also appears that Padgett may already have received at least one parole hearing.
[7] Jackson v. Adams, Jackson App. No. 01CA2, 2001-Ohio-2617.
[8] R.C. 2950.01(E)(1), 2950.09(B)(4); State v. Cook,83 Ohio St.3d 404, 407-408, 1998-Ohio-291, 700 N.E.2d 570.
[9] Id.; State v. Thompson, 92 Ohio St.3d 584, 588,2001-Ohio-1288, 752 N.E.2d 276.
[10] (Emphasis sic.) State v. Stallings, 89 Ohio St.3d 280,289, 2000-Ohio-164, 731 N.E.2d 159, quoting Jackson v. Virginia
(1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.
[11] State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54; State v. Winchester (2001), 145 Ohio App.3d 92, 95,761 N.E.2d 1125.
[12] State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
[13] Id.
[14] He stated that his next parole hearing would not be held until 2008.
[15] State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770, citing State v. Ward (1999), 130 Ohio App.3d 551, 561,720 N.E.2d 603.
[16] See, e.g., State v. Chipman (July 22, 1999), Cuyahoga App. No. 74573, (stating that additional evidence can support sexual predator determination and citing, among others, Ward);State v. Taylor, Geauga App. No. 2002-G-2441, 2003-Ohio-6963, at ¶ 17-24 (psychiatric evaluation showing antisocial personality disorder and violent tendencies supported determination).