JOURNAL ENTRY AND OPINION
{¶ 1} Mike Cornwell appeals the decision of the trial court classifying him as a sexual predator. Cornwell argues that the trial court based his classification on insufficient evidence and that the trial court erred in classifying him as a sexual predator without placing the relevant factors of R.C. 2950.09(B)(3) on the record. For the following reasons, we affirm.
 {¶ 2} On January 1, 1985, the Cuyahoga County Grand Jury indicted Cornwell with one count of kidnaping, five counts of rape, and two counts of gross sexual imposition for the crimes committed against the victim by Cornwell and four co-defendants. On April 25, 1985, Cornwell pled guilty to two amended counts of attempted rape and the State of Ohio dismissed the remaining charges. On May 24, 1985, the trial court sentenced Cornwell to a term of seven to fifteen years on each count to be served concurrently and concurrent with another felony case.
 {¶ 3} In September 1992, Cornwell was released from prison and placed on parole. Cornwell violated his parole one year later and received an indictment charging him with aggravated robbery, having a weapon while under disability, and felonious assault. Cornwell pled guilty to robbery and went back to prison for the parole violation and the new felony conviction.
 {¶ 4} After the State of Ohio requested a sexual predator adjudicatory hearing, the trial court informed Cornwell that a House Bill 180 hearing would be held and referred him to the court psychiatric clinic for evaluation. The trial court conducted the hearing on August 12, 2004, and found clear and convincing evidence that Cornwell was likely to commit a sexually oriented offense in the future and entered a finding that Cornwell be classified as a sexual predator. Cornwell appeals this decision raising the two assignments of error contained in the appendix to this opinion.
 {¶ 5} Because Cornwell's first and second assignments of error are interrelated, we will address them contemporaneously. In his assignments of error, Cornwell argues that the evidence was legally insufficient to support a sexual predator finding under R.C. 2950.09, and that the trial court erred by failing to place on the record, the relevant factors codified at R.C. 2950.09(B)(3). Both assignments lack merit.
 {¶ 6} Before declaring an individual a sexual predator, the trial court must find, by clear and convincing evidence, that the individual has committed a sexually oriented offense and that he is likely to engage in the future in one or more sexually oriented offenses. State v.Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247. In making this determination, the trial court is to consider all relevant factors, including those specifically listed in R.C. 2950.09(B)(3). State v. Thompson,92 Ohio St.3d 584, 588, 2001-Ohio-1288.
 {¶ 7} When an individual challenges the sufficiency of the evidence, we must determine whether the evidence satisfies the threshold necessary to support a finding by clear and convincing evidence. State v. Taylor,
Cuyahoga App. No. 79475, 2002-Ohio-154. Under this standard, we review the evidence in the light most favorable to the State to determine if any rational factfinder could have concluded, by clear and convincing evidence, that Cornwell was likely to commit future sexual offenses.State v. Padgett, Cuyahoga App. No. 83162, 2004-Ohio-2159, at 7.
"Clear and convincing evidence is that measure or degree of proof whichwill produce in the mind of the trier of facts a firm belief orconviction as to the allegations sought to be established. It isintermediate, being more than a mere preponderance, but not to the extentof such certainty as is required beyond a reasonable doubt as in criminalcases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 8} In the case at hand, Cornwell pled guilty to two counts of attempted rape. The evidence gathered during the investigation of this crime reveals that he, along with several co-defendants, participated in a violent gang rape of a nineteen-year-old female. Cornwell was twenty years old at the time of the offense.
 {¶ 9} At the House Bill 180 hearing, the State presented evidence of Cornwell's Static-99 score placing him in the medium- to high-risk category of reoffending. The State also presented evidence of the Hanson-Bussiere study conducted by the court psychiatric clinic. The results found that Cornwell presented with the following risk factors that correlate with sexual recidivism: Cornwell's failure to complete sex offender treatment, his antisocial personality disorder, Cornwell's lengthy legal history, that he was never married or resided with a partner for two or more consecutive years, and that the victims in both the underlying case and the aggravated robbery were women who were strangers to him.
 {¶ 10} The State also presented evidence regarding the factors contained in R.C. 2950.09(B)(3). Specifically, the State addressed Corwnell's age at the time of the offense, the age of the victim, Cornwell's prior record, his status as a parole violator, that he never completed sex offender treatment, and that Cornwell had been diagnosed with antisocial behavior disorder.
 {¶ 11} Cornwell claimed that the evidence presented does not support a sexual predator finding because the crime involved an adult victim, he had no sexual preference towards children, he was an older male, he was employed, and his Static-99 score did not show by a preponderance of the evidence that he was likely to reoffend. Cornwell also claimed that his Static-99 score was erroneous because he did reside with a woman for more than two years. Although these factors are relevant to the determination, the trial court found that they did not outweigh the factors that aggravated his risk of reoffending.
 {¶ 12} In classifying Cornwell as a sexual predator, the trial court reviewed his institutional record, the presentence investigation report, and the court psychiatric clinic report. The trial court noted that although Cornwell had only been convicted of one sexual offense, he had a history of institutional violence, a lengthy criminal past with a history of violence against women, he was a parole violator, he did not complete sex offender treatment, and he had been diagnosed with antisocial personality disorder. The trial court also found persuasive Cornwell's failure to accept responsibility for his conduct, noting that although he pled guilty to attempted rape and admitted to sexual contact with the victim in the presentence investigation report, Cornwell denied having any sexual contact with the victim during Dr. Aronoff's court-ordered psychiatric evaluation. Additionally, during his presentence investigation interview, Cornwell claimed that the charges were fabricated because he damaged the victim's car.
 {¶ 13} Based on the foregoing, it is evident that a rational factfinder could reasonably conclude based on clear and convincing evidence that Cornwell was likely to commit future sex offenses.
 {¶ 14} Furthermore, Cornwell's argument that the trial court erred in failing to place on the record the relevant factors of R.C. 2950.09(B)(3), is without merit. It is clear from the transcript of the House Bill 180 hearing, that the trial court did consider the relevant factors codified at 2950.09(B)(3). Specifically, the trial court discussed Cornwell's criminal history and institutional violations, his failure to complete sex offender treatment, his antisocial personality disorder and his failure to accept responsibility for his actions. These considerations directly correlate with R.C. 2950.09(B)(3)(b), (f), (g), and (j). "The trial court is not required to point specifically to the R.C. 2950.09(B)(3) factors that it believed would lead the offender to reoffend." (April 22, 1999) Cuyahoga App. No. 72796. The language of R.C. 2950.09(B)(3) merely requires that "the judge shall consider all relevant factors * * *." It is clear from the transcript that the trial court accomplished this task. His assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Dyke, J., concur.
 Appendix Assignments of Error:
 "I. Whether the evidence is insufficient, as a matter of law, to prove"by clear and convincing evidence" that appellant "is likely to engage inthe future in one or more sexually oriented offenses."
 II. Whether as held by the Ohio Supreme Court in State v. Thompson, thetrial court erred in determining that the appellant was a sexual predatorwithout considering, or placing upon the record any of the relevantfactors codified at R.C. 2950.09(B)(3)."